KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
KATE E. LAZARUS - # 268242
klazarus@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
IAN KANIG - # 295623
ikanig@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUSHOVAN HUSSAIN,<br><br>Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR A *"BRADY* ORDER" DIRECTING THE GOVERNMENT TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       May 10, 2017<br>Time:      1:30 p.m.<br>Dept.:     Courtroom 6, 17th Floor<br>Judge:     Hon. Charles R. Breyer<br><br>Case Filed: November 10, 2016<br><br>Trial Date:  TBD |

1135270

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE that on Wednesday, May 10, 2017, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sushovan Hussain will and hereby does move for an order directing the United States to comply with its disclosure obligations under *Brady v. Maryland* and its progeny.

This motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Brook Dooley, and the Proposed Order filed herewith, as well as any reply papers that Mr. Hussain may submit, oral argument of counsel, the complete files and records in this action, and such additional matters as the Court may consider.

Respectfully submitted,

DATED:  April 26, 2017                    KEKER, VAN NEST & PETERS LLP

By:     */s/ John W. Keker*
        JOHN W. KEKER
        JAN NIELSEN LITTLE
        BROOK DOOLEY
        KATE E. LAZARUS
        NICHOLAS D. MARAIS
        IAN KANIG

        Attorneys for Defendant
        SUSHOVAN HUSSAIN

1135270

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The government's duty to disclose all favorable and material evidence to the accused upon request is clear and well established.  *See Brady v. Maryland*, 373 U.S. 83 (1963).  Yet there is still an "epidemic" of *Brady* violations in federal and state courts.  *United States v. Olsen*, 737 F.3d 625, 626, 630 (9th Cir. 2013) (Kozinski, C.J., dissenting from order denying petition for rehearing en banc) (collecting dozens of recent examples of *Brady* violations).  In response to this well-documented problem, federal district courts and judges have increasingly adopted local rules and standing orders requiring the government to comply with its disclosure obligations.[1]  Perhaps the most well-known example comes from United States District Judge Emmet Sullivan, who adopted a standing *Brady* order in the wake of the Senator Ted Stevens prosecution.[2]  Many judges in the Central District of California have followed suit, some requiring disclosure far broader than what *Brady* requires.[3]

Through this motion, Defendant Sushovan Hussain respectfully requests that the Court enter an order directing the government to comply with its *Brady* obligations.  Mr. Hussain's proposed *Brady* order is modelled nearly word-for-word on Judge Sullivan's order.  The only additional provisions are taken directly from the United States Attorney's Manual.  *See* U.S. Dep't of Justice, United States Attorneys' Manual § 9-5.001 (2010).  Perhaps for that reason, during the parties' meet-and-confer discussions, the government has repeatedly disavowed any opposition to the substance of Mr. Hussain's proposed *Brady* order.  Instead, the government has

---

[1] *See* Laurel Hooper, *et al.*, Fed. Judicial Ctr., *A Summary of Responses to a National Survey of Rule 16 of the Federal Rules of Criminal Procedure and Disclosure Practices in Criminal Cases* at Appx. B (Feb, 1, 2011) (compiling "U.S. District Court Local Rules and Standing Orders Addressing *Brady* Material") available at https://www.fjc.gov/sites/default/files/materials/2017/Rule16App.pdf (last visited Apr. 25, 2017).

[2] Available at: http://www.dcd.uscourts.gov/sites/dcd/files/StandingBradyOrder_0.pdf (last visited Apr. 25, 2017).

[3] *See, e.g.*, Order for Discovery and Inspection in Criminal Cases Before Judge George H. King ("King Order") ("Within seven (7) days of the post-indictment arraignment before the Magistrate Judge . . . upon request of the attorney for the defendant the Government shall . . . Permit defendant's attorney to inspect, copy, or photograph *any evidence favorable* to the defendant[.]") (emphasis added), available at http://www.cacd.uscourts.gov/sites/default/files/documents/GHK/AD/CRIM.DISCV.ORD.pdf (last visited Apr. 25, 2017).

1135270

1    argued that it should only be required to certify that it has fulfilled its *Brady* obligations near the

2    time of the final pretrial conference.  This does not go far enough.  Mr. Hussain requests that the

3    Court enter a formal *Brady* order now for the following three reasons.

4         <u>First</u>, the requested order will serve as a prophylactic and deterrent.  Documenting the

5    government's *Brady* obligation in an order creates a clear incentive that will encourage greater

6    diligence.  <u>Second</u>, in the event that the government withholds exculpatory material in violation

7    of its *Brady* obligations, Mr. Hussain and the Court would be unable to seek appropriate contempt

8    sanctions without the requested order.  <u>Third</u>, the entry of the requested order in this high-profile

9    case will bolster public confidence in the integrity of the judicial system.

10        Accordingly, Mr. Hussain respectfully requests that the Court enter the proposed order

11   filed herewith directing the government to comply with its *Brady* obligations.

12   **II.    BACKGROUND**

13        The government filed its indictment against Mr. Hussain on November 10, 2016.  On

14   December 19, 2016, counsel for Mr. Hussain conferred with the government and asked whether

15   the government would stipulate to the entry of a standing "*Brady* order."  Declaration of Brook

16   Dooley ("Dooley Decl.") ¶ 3.  Counsel for the government responded that the government was

17   "okay" with the suggestion, but also suggested that any order should not set a deadline for the

18   complete production of *Brady* materials until near the time of the final pre-trial conference.  *Id.*

19        On January 2, 2017, counsel for Mr. Hussain sent the United States the proposed *Brady*

20   order submitted herewith.  *Id.* ¶ 4.  The parties held another meet-and-confer call to discuss the

21   proposed order on January 3, 2017.  *Id.* ¶ 5.  Counsel for the government again stated that the

22   government was "not opposed to the substance" of the proposed order, but that it disagreed as to

23   the appropriate form and timing of such an order.  *Id.*  Counsel for the government took the

24   position that a standing *Brady* order is not necessary, and that the government should be required

25   only to make a representation, at the time of the final pretrial conference, that it has fulfilled its

26   *Brady* obligations.  *Id.*

27        On January 6, 2017, in response to a request from the government, counsel for

28   Mr. Hussain sent the government a copy of Judge Sullivan's standing order and two standing

1135270

1  orders issued by district judges in the Central District of California.  *Id*. ¶ 6.  Counsel for the

2  government did not respond.  On January 9, 2017, the parties held another meet-and-confer call to

3  further discuss the defense's proposed *Brady* order, during which counsel for the government

4  repeated its previous position.  *Id.* ¶ 9.

5          The parties held a final meet-and-confer call on this issue on April 6, 2017.  *Id.* ¶ 8.

6  Counsel for the government stated that it would not agree to Mr. Hussain's proposed *Brady* order

7  and that Mr. Hussain should "go ahead" and file a motion with the Court.  *Id.*

8  **III.    LEGAL STANDARD**

9          The Court has the inherent authority to issue an order "to deter future illegal conduct."

10  *United States v. W.R. Grace*, 526 F.3d 499, 511 n.9 (9th Cir. 2008) (en banc) (quoting *United*

11  *States v. Gonsalves,* 781 F.2d 1319, 1320 (9th Cir. 1986)).  The Court also has the authority to

12  order the government to make certain disclosures before trial.  *Id.* at 512 (finding that "[t]here [i]s

13  no suggestion that Congress intended to bar district courts from exercising their discretionary

14  authority to order pretrial discovery and disclosures from the government under terms and

15  conditions that courts normally use to manage the fair and efficient conduct of trials.").

16  **IV.    ARGUMENT**

17          **A.      The government's *Brady* obligations are clear and well established.**

18          Pursuant to *Brady v. Maryland*, the government has a continuing obligation to disclose all

19  "evidence favorable to an accused" if it is "material either to guilt or to punishment . . . "  *Brady*,

20  373 U.S. at 87.  Favorable evidence may be exculpatory or impeaching.  *Strickler v. Greene*, 527

21  U.S. 263, 281-82 (1999); *accord Giglio v. United States*, 405 U.S. 150, 153-54 (1972).  When

22  evidence is exculpatory, the government must disclose it even when the accused has not made

23  any request.  *United States v. Agurs*, 427 U.S. 97, 107 (1976).  The government's disclosure

24  obligation also extends to evidence "known only to police investigators and not to the

25  prosecutor," because "the individual prosecutor has a duty to learn of any favorable evidence

26  known to others acting on the government's behalf…."  *Kyles v. Whitley*, 514 U.S. 419, 437-38

27  (1995).  And if any doubt exists as to whether disclosure is required, the government must

28  disclose.  *See id*. at 439.  If *Brady* materials are not produced to the accused and the defense is

prejudiced as a result, the government violates the Due Process Clause.  *Strickler*, 527 U.S. at 281-82.

**B.    Notwithstanding this clear duty, *Brady* violations are common.**

Despite *Brady*'s unambiguous command, "[t]here is an epidemic of *Brady* violations abroad in the land."  *Olsen*, 737 F.3d at 626, 630.  In *Olsen*, Chief Judge Kozinski noted that the "propensity for shortcuts and indifference to [a prosecutor's] ethical and legal responsibilities" is not a "rare blemish and source of embarrassment to an otherwise diligent and scrupulous corps of attorneys staffing prosecutors' offices across the country."  *Id.* at 631.  Instead, "the federal and state reporters bear testament to [an] unsettling trend" of *Brady* violations.  *Id.*

Perhaps the most well-known and recent example of a *Brady* violation occurred in the prosecution of former United States Senator Ted Stevens.  *See In re Special Proceedings*, 825 F. Supp. 2d 203 (D.D.C. 2011).  Senator Stevens was indicted for making false statements.  *Id.* at 204.  Near the onset of the case, defense counsel moved for a *Brady* order similar to the one that Mr. Hussain now proposes.  *See id.* at 205-06.  Judge Sullivan, who presided over the Senator Stevens case, denied the motion, accepting the prosecutors' assurances that they were complying with their disclosure obligations in good faith and explaining that he did not believe he should have to spell out obvious disclosure obligations in an order.  *Id.* ("I'm not going to write an order that says, 'follow the law.'  We all know what the law is.").

In the months following Senator Stevens's conviction, "serious allegations and confirmed instances of prosecutorial misconduct called into question the integrity of the criminal proceedings against Senator Stevens."  *Id.* at 204.  Judge Sullivan appointed a special prosecutor to determine whether a criminal contempt citation against the prosecutors handling the case was appropriate.  *Id.* at 204-05.  The special prosecutor found that the prosecutors had engaged in "the systematic concealment of significant exculpatory evidence which would have independently corroborated [Senator Stevens's] defense and his testimony, and seriously damaged the testimony and credibility of the government's key witness."  *Id.* at 205 (citation omitted).  But the prosecutors could not be held in criminal contempt because there was no "sufficiently clear and unequivocal" *order* directing compliance with disclosure obligations.  *Id.* at 206.

1135270

**C.**     **In response to this well-documented problem, federal courts have increasingly adopted standing *Brady* orders.**

In the wake of the Stevens case, Judge Sullivan adopted a standing order directing *Brady* disclosure.  By the time he did so, local rules directing the government to comply with their constitutional and ethical disclosure duties had become commonplace in the federal courts.  In 2011, the Federal Judicial Center reported that 38 of 94 districts have a standing local rule or order directing *Brady* compliance.  Hooper, *supra* n. 1, at 8 & Appx. B.  Each of the districts that has a local rule on the government's disclosure obligations sets forth a duty that is broader than what Federal Rule of Criminal Procedure 16 mandates.  *Id.* at 11.  Some districts even direct disclosure that is broader than the constitutional standard, on a much faster timeline.  *E.g.*, M.D. Ala. Standing Order on Criminal Discovery ¶ 1(B) ("*At arraignment*, or on a date otherwise set by the court . . . the government shall tender to defendant . . . [a]ll information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, *without regard to materiality*[.]") (emphasis added).

Even in districts without a *Brady* local rule or order, many judges have entered their own standing disclosure orders.  Judge Sullivan's may be the most well-known, but in the Central District of California, Judges Carney, Fitzgerald, Fischer, Gee, Gutierrez, Staton, Kronstadt, and Selna have also entered some form of standing *Brady* orders.  *E.g.,* Order Re Criminal Pre-Trial Motions, Trials, and Sentencing (C.D. Cal.) (Judge Carney).[4]  In the same district, Judges King, Klausner, O'Connell, and Wu have not only entered standing orders directing disclosure of *Brady* materials, but any materials that are favorable to the defense, without regard to materiality.  *E.g.*, King Order ("Within seven (7) days of the post-indictment arraignment before the Magistrate Judge . . . upon request of the attorney for the defendant the Government shall . . . [p]ermit defendant's attorney to inspect, copy, or photograph *any evidence favorable* to the defendant[.]") (emphasis added).

---

[4] Available at: http://www.cacd.uscourts.gov/honorable-cormac-j-carney  (last visited Apr. 25, 2017)

1135270

**D.     The Court should enter Defendant's proposed *Brady* order.**

Mr. Hussain's request for an order directing the government to comply with its *Brady* obligations is thus consistent with widely-accepted best practices in the federal courts.  Indeed, Mr. Hussain's proposed *Brady* order is identical to Judge Sullivan's standing order but for the addition of provisions taken from Section 9-5.001(C) of the United States Attorney's Manual. That section directs all federal prosecutors to provide the defense with all information that is inconsistent with any element of any crime charged against him or that establishes a recognized affirmative defense, regardless of whether the government believes such information will make the difference between conviction and acquittal of defendant for a charged crime.  *See* U.S. Dep't of Justice, United States Attorneys' Manual § 9-5.001(C)(1) (2010).  It also requires that prosecutors produce any "information that either casts a substantial doubt upon the accuracy of any evidence—including but not limited to witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence."  *Id.* § 9-5.001(C)(2).  It further provides that, although "items of information viewed in isolation may not reasonably be seen as meeting" these standards, if "several items together can have such an effect," then "all such items must be disclosed."  *Id.* § 9-5.001(C)(4).  Finally, it also provides that these disclosure standards apply "regardless of whether the information . . . would itself constitute admissible evidence."  *Id.* § 9-5.001(C)(3).

The Court should enter Mr. Hussain's proposed *Brady* order now for three reasons.

<u>First</u>, the earlier the order is entered, the greater its incentive and prophylactic effect.  A critical purpose of the requested order is to prevent the need for any remedial action by aligning the government's incentives with disclosure.  *See Olsen*, 737 F.3d at 630 ("A robust and rigorously enforced *Brady* rule is imperative because all the incentives prosecutors confront encourage them not to discover or disclose exculpatory evidence.").  Entering the order now will ensure that the government will act diligently to collect and produce all of the required materials from its prosecution team, before the crush of trial preparation takes effect.

Mr. Hussain understands that, while the government acknowledges its *Brady* obligations, it would prefer to address them at a much later date.  The government's position appears to flow

from Criminal Local Rule 17.1-1(b)(3), which provides that, "*[u]nless otherwise ordered*, not less than 7 days prior to the pretrial conference, the parties shall file a pretrial conference statement addressing," among other things, "[d]isclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment[.]"  Crim. L.R. 17.1-1(b)(3) (emphasis added).  It seems that the government is accustomed to discussing the completeness of its *Brady* review on the eve of trial and fears that deviating from that practice will somehow create bad precedent for its office.

The Ninth Circuit has said that "[d]isclosure, to escape the *Brady* sanction, must be made at a time when the disclosure would be of value to the accused."  *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985); *see also United States v. Shelton*, 588 F.2d 1242, 1247 (9th Cir. 1978) (delay requires reversal if it so prejudiced the defendant's preparation or presentation of his defense that he was prevented from receiving a fair trial).  The government's obligation to produce *Brady* materials in a timely manner is not diminished either by the fact that such evidence must also be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Federal Rule of Criminal Procedure 16. *See United States v. Bernard*, 623 F.2d 551, 556 (9th Cir. 1979); *see also* Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled.").

Entering the proposed order now will not prejudice the United States in any way.  The proposed order tracks the controlling law in this Circuit regarding the timeframe for *Brady* disclosures.  *See* Proposed Order at 1 ("[T]he Court directs the government to [make its] produc[tion] to defendant *in a timely manner*[.]") (emphasis added); *see also Davenport*, 753 F.2d at 1462.  Thus, Mr. Hussain's proposed order requires only that the government meet its pre-existing *Brady* (and the Department of Justice's own) obligations.

Second, a formal order should be in place now to serve as a backstop in the event that the government fails to comply with its disclosure obligations.  *See In re Special Proceedings*, 825 F. Supp. 2d at 205 (noting that the court could not recommend a criminal contempt citation because there was no "sufficiently 'clear and unequivocal'" order in the record at the time the violation

1  occurred) (citation omitted); *see also United States v. Doe*, 125 F.3d 1249, 1254 (9th Cir. 1997)

2  (knowledge of a specific order is a required element of criminal contempt in the Ninth Circuit).

3      <u>Third</u>, entering a proposed order now in this high-profile criminal case will serve the

4  important purpose of improving public confidence in the judiciary.  Press about *Brady*

5  compliance has been extraordinarily negative.  *See, e.g.*, The Editorial Board, *Rampant*

6  *Prosecutorial Misconduct*, N.Y. Times, Jan. 4, 2014 ("[M]ultiple studies over the past 50 years

7  show that courts punished prosecutorial misconduct in less than 2 percent of cases where it

8  occurred.  And that rarely amounted to more than a slap on the wrist[.]").  *Brady* orders—like the

9  one Mr. Hussain proposes here—are an excellent opportunity for courts to increase faith in the

10  judiciary by affirmatively declaring that the government must meet its disclosure duties.

11  **V.      CONCLUSION**

12      Mr. Hussain respectfully requests that the Court direct that the government comply with

13  its disclosure obligations as set forth in the proposed order filed herewith.

14

15  DATED:  April 26, 2017            KEKER, VAN NEST & PETERS LLP

16             By:   */s/ John W. Keker*

17                JOHN W. KEKER

18                JAN NIELSEN LITTLE
                 BROOK DOOLEY

19                KATE E. LAZARUS
                 NICHOLAS D. MARAIS

20                IAN KANIG

21                Attorneys for Defendant
                 SUSHOVAN HUSSAIN

22

23

24

25

26

27

28

1135270