KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
KATE E. LAZARUS - # 268242
klazarus@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
IAN KANIG - # 295623
ikanig@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SUSHOVAN HUSSAIN,<br><br>        Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**DECLARATION OF BROOK DOOLEY IN SUPPORT OF DEFENDANT'S MOTIONS FOR A "*BRADY* ORDER" DIRECTING THE GOVERNMENT TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS AND FOR AN ORDER DIRECTING THE GOVERNMENT TO REVIEW THE FILES OF HEWLETT-PACKARD AND MORGAN, LEWIS & BOCKIUS LLP**<br><br>Date:     May 10, 2017<br>Time:    1:30 p.m.<br>Dept.:   Courtroom 6, 17th Floor<br>Judge:   Hon. Charles R. Breyer<br><br>Case Filed:  November 10, 2016<br><br>Trial Date:  TBD |

## **OMNIBUS DECLARATION OF BROOK DOOLEY**

I, BROOK DOOLEY, declare and state as follows:

1. I am duly licensed to practice law in the State of California and am a partner at Keker, Van Nest & Peters LLP, counsel of record for Defendant Sushovan Hussain in the above-entitled action. I have knowledge of the facts set forth herein, and if called upon to testify as a witness thereto, I could and would competently do so under oath.

2. Throughout this declaration, I have included Bates-numbers of documents that the United States has produced to Mr. Hussain that I have personally reviewed.

### **DEFENDANT'S MOTION FOR A "*BRADY* ORDER" DIRECTING THE GOVERNMENT TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS**

3. On December 19, 2016, the parties held a meet-and-confer call. During the call, I inquired whether the United States would stipulate to the entry of a standing "*Brady* order" in this case. Counsel for the United States responded that he was "okay" with the suggestion, but also suggested that any order should not set a deadline for the complete production of *Brady* materials until about the time of the final pre-trial conference.

4. On January 2, 2017, I sent counsel for the United States the proposed *Brady* order filed contemporaneously herewith.

5. On January 3, 2017, the parties held another meet-and-confer call to discuss the proposed "*Brady* order." Counsel for the United States again stated that he was "not opposed to the substance" of the proposed *Brady* order, but that he disagreed as to the appropriate form and timing of such an order. The government took the position that a standing *Brady* order is not necessary, and that it should be required only to make a representation, at the time of the final pretrial conference, that it has fulfilled its *Brady* obligations.

6. On January 6, 2017, in response to a request from counsel for the United States, I sent the government a copy of Judge Sullivan's standing order and two standing orders issued by district judges in the Central District of California. Counsel for the United States did not respond to my email.

7. On January 9, 2017, the parties held another meet-and-confer call to discuss Mr. Hussain's proposed *Brady* order. Counsel for the government repeated its previous position.

8. The parties held a final meet-and-confer call on this issue on April 6, 2017. Counsel for the United States stated that he would not agree to Mr. Hussain's proposed *Brady* order, and that Mr. Hussain should "go ahead" and file a motion with the Court.

**DEFENDANT'S MOTION FOR AN ORDER DIRECTING THE GOVERNMENT TO REVIEW THE FILES OF HEWLETT-PACKARD AND MORGAN, LEWIS & BOCKIUS**

9. On November 20, 2012, the Hewlett-Packard Company ("HP") announced an $8.8 billion write-down associated with its acquisition of Autonomy, more than $5 billion of which it attributed to "serious accounting improprieties, misrepresentations and disclosure failures" by former Autonomy management. HP also announced that it had referred the matter for criminal investigation. HP's press release is available at: http://www8.hp.com/us/en/hp-news/press-release.html?id=1334263#.WP_nqfnyvRY (last accessed April 25, 2017).

10. I have reviewed materials that the United States produced to Mr. Hussain indicating that HP and its lawyers at Morgan, Lewis & Bockius LLP ("Morgan Lewis") presented to the Securities and Exchange Commission ("SEC") on November 16, 2012. US-SEC 00000001. Further materials that the United States produced to Mr. Hussain that I have reviewed indicate that Morgan Lewis held calls with the SEC on November 26 and December 5, 2012. FBI 100007645. Those same materials also indicate that the SEC requested that HP and Morgan Lewis provide a list of key Autonomy witnesses, which they did on December 11, 2012.

11. Attached hereto as **Exhibit A** is a true and correct copy of the January 16, 2013 cooperation agreement between HP, on the one hand, and the United States Attorneys' Office for the Northern District of California ("USAO") and the SEC, on the other. USAO 00002280.

12. I have reviewed materials that the United States produced to Mr. Hussain indicating that HP and Morgan Lewis presented to the USAO and the SEC on January 16, 2013, and on March 6, 2013. HP 0000682; US-SEC 00000032.

13. I have reviewed materials that the United States produced to Mr. Hussain indicating that from November 2012 through March 2013, HP and Morgan Lewis conducted 50

1  interviews of 39 witnesses, including many former Autonomy employees.

2      14.    I have reviewed materials that the United States produced to Mr. Hussain indicating that, in July 2013, HP and Morgan Lewis produced to the USAO summaries of all of the aforementioned witness interviews they conducted.  COVERLETTER029_001.

    15.    I have reviewed materials that the United States produced to Mr. Hussain indicating that HP and Morgan Lewis made further presentations to the United States on February 26, 2014, September 9, 2014, April 17, 2015, April 21, 2015, June 5, 2015, and July 9 and 10, 2015.  HP-SEC-00772563; HP-SEC-01425271; FBI 200000815; HP-SEC-01574445; USAO 00001130; HP-SEC-01580216.  Respectively, these presentations focused on: (a) one of Autonomy's reseller customers; (b) allegations that Autonomy concealed accounting improprieties from HP in the lead up to HP's acquisition of Autonomy; (c) HP's analysis of Autonomy's accounting determinations; (d) HP's damages case; (e) U.K. financial reports; and (f) allegations about Autonomy's disclosures of hardware sales and revenue recognition regarding sales to value-added resellers, among other things.

    16.    Attached hereto as **Exhibit B** is a true and correct copy of an email dated July 15, 2015 from the USAO to Morgan Lewis, requesting that HP and Morgan Lewis prepare witness binders for 43 different witnesses related to its investigation of Autonomy.  FBI 200000084.

    17.    I have reviewed materials that the United States produced to Mr. Hussain indicating that HP and Morgan Lewis voluntarily produced dozens of witness binders to the United States, including one for HP's former Chief Technology Officer Shane Robison on July 15, 2015, and former Autonomy employee Brent Hogenson on August 26, 2015.  FBI 2000002830 (partial list); FBI 200000068 (Robison); FBI 200000142 (Hogenson).  The United States interviewed Mr. Robison on July 22, 2015, and Mr. Hogenson on September 10, 2015. *See* US_FBI_E-00020797.

    18.    Attached hereto as **Exhibit C** is a true and correct copy of an email chain that includes an email dated February 11, 2016, in which FBI agent Keigan Park referred to Morgan Lewis attorneys as the "Morgan Lewis All-Stars."  This email chain also includes Morgan

Lewis's response, "Flattery will get you everywhere . . ."[1]

19. I have reviewed materials that the United States produced to Mr. Hussain indicating that HP and Morgan Lewis created interview materials for the USAO in advance of the USAO and the FBI's trip to England to interview witnesses in May 2016.  FBI 2000003151.

20. I have reviewed materials that the United States produced to Mr. Hussain indicating that the USAO or the FBI tasked HP and its lawyers at Morgan Lewis with compiling documents and summaries regarding key topics in this case.  For example, on June 16, 2016, the USAO requested that HP perform a forensic analysis of the list of Autonomy's top contracts that was provided to HP during the due diligence period in August 2011.  *See* FBI 200003200.  HP responded on June 29, 2016 with a spreadsheet created by HP's finance team in England.  On May 20, 2015, Morgan Lewis provided responses to questions raised by the USAO during HP and Morgan Lewis's April 2015 presentation on reseller transactions.  COVERLETTER_MLB-20150520.001.  Similarly, on November 6, 2015, the USAO asked Morgan Lewis to provide a revenue analysis for nearly three dozen reseller transactions.  FBI 200000815.

21. I have reviewed materials that the United States produced to Mr. Hussain indicating that, on November 5, 2015, the USAO asked HP and Morgan Lewis to produce evidence that HP received Autonomy's press releases for 2010 and 2011 "as a result of an interstate wire."  FBI 200000818.  The USAO also asked for all bank records relating to HP's payment for Autonomy's shares that "originated from, passed through, or was received in ND Cal."  *Id.*

22. At an August 29, 2016 meeting with the USAO, defense counsel, including myself, argued that HP must have known that Autonomy was selling hardware because Autonomy sourced some of the hardware it sold from HP itself.  I have reviewed materials that the United States produced to Mr. Hussain indicating that the United States then asked HP, through its counsel at Morgan Lewis, to produce all documents relating to these sales.  FBI

---

[1] Mr. Hussain notes that he has redacted the personal contact information of several non-party witnesses that appear in Exhibit C.  *See* Fed. R. Crim. P. 49.1(a) (permitting the redaction of certain personal information); Fed. R. Crim. P. 49.1(e) (authorizing the Court to authorize the redaction of additional personal information for good cause).

1  100008498.  In response, HP provided the United States with several productions relating to
2  hardware.  *See* COVERLETTER_MLB-20160922.001; COVERLETTER_MLB-20160928; FBI
3  200003646; FBI 200000096.

4  23. Attached hereto as **Exhibit D** is a true and correct copy of the minutes drafted by
5  the FBI of the November 4, 2015 meeting between the USAO and HP (through its lawyers at
6  Morgan Lewis) regarding Deloitte's lawyers.

7  24. Attached hereto as **Exhibit E** is a true and correct copy of the minutes drafted by
8  the FBI for the March 17, 2016 meeting between the USAO, HP (through its lawyers at Morgan
9  Lewis), and Deloitte.

10  25. Attached hereto as **Exhibit F** is a true and correct copy of the cooperation
11  agreement between the USAO and Deloitte, signed on April 28, 2016.

12  26. On January 6, 2017, counsel for Mr. Hussain sent the United States a letter
13  requesting that it produce all *Brady* materials, including those "within the possession, custody, or
14  control of entities or persons who conducted an investigation in contemplation of, or in
15  furtherance of, cooperating with, or producing information to the government, including the
16  Hewlett-Packard Company or its agents."

17  27. On March 9, 2017, during a telephone conference, defense counsel asked counsel
18  for the United States to confirm that it would search not only its own files, but the files of HP and
19  HP's agents, including Morgan Lewis, for *Brady*/*Giglio* material.  Counsel for the government
20  responded that those entities were not participating in the investigation and that it did not intend
21  to conduct any search other than asking HP for relevant materials.

22  28. The parties had a further telephone conference on April 6, 2017.  During this call,
23  counsel for the government reiterated its position and stated that Mr. Hussain would have to file a
24  "prosecution team" motion.

25  //
26  //
27  //
28  //

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  declaration was executed on April 26, 2017 in San Francisco, California.

_____
BROOK DOOLEY