MORGAN, LEWIS & BOCKIUS LLP
SUSAN D. RESLEY, Bar No. 161808
susan.resley@morganlewis.com
JENNY HARRISON, Bar No. 285164
jenny.harrison@morganlewis.com
ALYSE J. GRAMAGLIA, Bar No. 287989
ali.gramaglia@morganlewis.com
LAUREN N. WENNER, Bar No. 298942
lauren.wenner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MARTHA B. STOLLEY, *Admitted Pro Hac Vice*
martha.stolley@morganlewis.com
CAROLYN A. SILANE, Bar No. 298113
carolyn.silane@morganlewis.com
101 Park Avenue
New York, NY 10178
Tel:     +1.212.309.6858
Fax:    +1.212.309.6001

GIBSON, DUNN & CRUTCHER
MICHAEL LI-MING WONG, Bar No. 194130
mwong@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel:     +1.650.849.5393
Fax:    +1.650.849.5093

Attorneys for Hewlett-Packard Enterprise &
Hewlett-Packard Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00462 CRB |
| Plaintiff, | DECLARATION OF SUSAN D. RESLEY IN SUPPORT OF AMENDED MOTION TO QUASH SUBPOENA ISSUED TO NON-PARTY HEWLETT-PACKARD COMPANY |
| vs. | |
| SUSHOVAN HUSSAIN, | Date:       September 20, 2017 |
| Defendant. | Time:       11:00 a.m.<br>Place:       Courtroom 6, 17th Floor<br>Judge:      Hon. Charles R. Breyer |
| | Date Filed:  November 10, 2016<br>Trial Date:  February 26, 2018 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF SUSAN D. RESLEY
Case No. 3:16-cr-00462 (CRB)

DB1/ 93441054.1

I, Susan D. Resley, declare:

1.     I am a partner at Morgan, Lewis & Bockius LLP, attorneys of record for non-parties Hewlett-Packard Enterprise ("HPE") and Hewlett-Packard Company ("HP"). I am licensed to practice before all courts in the State of California and am admitted to practice before this Court. I am one of the attorneys who has been representing HP and HPE in connection with the government's investigation into Autonomy's accounting and disclosure practices. I have personal knowledge of the following facts and, if called upon to do so, could and would testify thereto.

2.     Attached hereto as **Exhibit 1** is a true and correct copy of a July 19, 2017 letter from counsel for Defendant Sushovan Hussain attaching a July 12, 2017 Order Granting Defendant Sushovan Hussain's Ex Parte Motion for Issuance of Rule 17 Subpoena to Hewlett-Packard Company.

3.     The letter attached as Exhibit 1 also enclosed a Subpoena Issued to Hewlett-Packard Company for the production of documents or objects in a criminal case. A true and correct copy of the Subpoena is attached hereto as **Exhibit 2**.

4.     On November 16, 2012, I participated on behalf of HP in a meeting with certain members of the Staff of the San Francisco Regional Office of the United States Securities and Exchange Commission ("SEC"). During that meeting, HP disclosed to the SEC that it had discovered and begun investigating significant accounting improprieties, disclosure failures, and other intentional misrepresentations it believed had been perpetrated on HP by Autonomy's former Chief Financial Officer, Sushovan Hussain, and other members of Autonomy's former management team in connection with HP's acquisition of Autonomy Corporation plc ("Autonomy") for $11.2 billion in October 2011. That investigation began shortly after Mr. Hussain and other members of the Autonomy leadership team resigned from HP in May 2012. On information and belief, in late November 2012, the SEC referred the matter to the United States Attorney's Office for the Northern District of California (the "USAO"), which subsequently opened an investigation.

5.     On information and belief, HP has produced millions of documents to the SEC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 93441054.1

2

DECLARATION OF SUSAN D. RESLEY
Case No. 3:16-cr-00462 (CRB)

1  and/or USAO since November 2012.  The documents include those produced in response to SEC

2  subpoenas, a Grand Jury Subpoena, specific requests from the SEC and/or USAO and documents

3  which were produced to Mr. Hussain in a pending civil action brought by certain HP group

4  entities against Mr. Hussain and Autonomy's former Chief Executive Officer, Michael Lynch, in

5  the High Court of Justice, Chancery Division in the United Kingdom.  Additionally, on

6  information and belief and based on statements made by counsel for Mr. Hussain, including at the

7  May 10, 2017 status hearing, the USAO has produced to Mr. Hussain all, if not substantially all,

8  of the documents HP produced to the government.

9          6.        In July 2013, in response to a request from the Serious Fraud Office ("SFO") in

10  the United Kingdom, HP produced factual witness summaries prepared by Morgan Lewis.  HP

11  subsequently produced those summaries to the USAO and SEC.  On March 29, 2017, the USAO

12  requested that HP:

13          …produce, on a voluntary basis, all written summaries (and accompanying
            exhibits) of witness interviews conducted by Morgan, Lewis & Bockius
14          LLP and Proskauer Rose LLP in connection with their investigations into
            pre-acquisition accounting irregularities at Autonomy Corporation plc.  By
15          this request, the USAO seeks only documents and materials that contain
            factual, non-privileged, information about what a witness may have said.
16          The USAO is not requesting documents or materials that contain or reflect
            content that is protected under the work product doctrine or attorney-client
17          privilege or any other privilege belonging to HPE (or its predecessor HP);
            nor is the USAO asking for a waiver of any such protection or privilege etc.
18

19  A true and correct copy of the March 29, 2017 request is attached hereto as **Exhibit 3**.  HP has

20  been producing non-privileged factual witness summaries to the USAO in response to this

21  request.

22          7.        In March 2013, at the request of the SFO, HP produced an Interim Report dated

23  March 6, 2013 that was prepared by PricewaterhouseCoopers, LLP ("PwC"), forensic accounts

24  retained by Morgan Lewis.  The Interim Report contained an accounting analysis of certain

25  transactions recorded in Autonomy's books and records.  HP subsequently produced the Interim

26  Report to the USAO and SEC.

27          8.        After receiving Mr. Hussain's Subpoena on July 19, 2017, I initiated a meet and

28  confer session with counsel for Mr. Hussain on July 31, 2017, hoping to resolve disputes about

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 93441054.1

3

DECLARATION OF SUSAN D. RESLEY
Case No. 3:16-cr-00462 (CRB)

1   the Subpoena before bringing them to the Court.

2       9.      On August 9, 2017, HP served on Mr. Hussain its initial Motion to Quash the

3   Subpoena as unreasonable and oppressive.  Shortly thereafter, we stipulated with Mr. Hussain's

4   counsel to a revised motion schedule, and agreed to engage in further discussions aimed at

5   resolving a number of open issues with the Subpoena.  We have engaged in a number of meet-

6   and-confer discussions with counsel for Mr. Hussain through August 24, 2017.

7       10.     As a result of discussions with counsel for Mr. Hussain, we intend to provide

8   counsel for Mr. Hussain with specific Bates numbers of documents which are easily identifiable.

9   The Bates numbers correspond to documents which respond to Request Nos. 1, 3, 5, 6, 8a, b, c, d,

10  e and f, 9, 16, 32 and 33.

11      11.     As a result of discussions with counsel for Mr. Hussain, we will provide counsel

12  for Mr. Hussain a written statement asserting a good faith belief that HP has produced documents

13  responsive to 53[1] of the 73 subpoena requests.  Counsel for Mr. Hussain agreed to modify and

14  withdraw those requests while reserving Mr. Hussain's right to seek documents under those

15  requests if subsequent, specific questions arise.

16      12.     During the meet-and-confer discussions, counsel for Mr. Hussain represented that

17  they believe documents responsive to Requests 15, 17, 18, and 19 are relevant to the case because

18  such documents might: (1) undermine claims of an adequate nexus to the Northern District of

19  California; or (2) support Mr. Hussain's contention that HP had an ulterior motive for taking an

20  impairment charge, apart from Mr. Hussain's wrongdoing.

21      13.     During meet-and-confer discussions, counsel for Mr. Hussain represented that they

22  believe Requests 30, 39, and 40 are relevant to the case because of a possibility that HP's

23  November 2012 write-down was caused by issues other than Mr. Hussain's wrongdoing.

24      14.     During meet-and-confer discussions, counsel for Mr. Hussain represented that they

25  believe that witness memoranda that HP's in-house attorneys drafted should be treated no

26  differently than factual summaries of witness interviews prepared by Morgan Lewis (which

27

28  _____
    [1] The fifty-three requests are:  Request Nos. 1-10, 12-14, 16, 20-22, 24-25, 27-29, 31-38, 41, 43,
    44, 46, and 50-52 (including sub-requests).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 93441054.1

4

DECLARATION OF SUSAN D. RESLEY
Case No. 3:16-cr-00462 (CRB)

1 represented HP in the government investigation) and Proskauer Rose (which represented HP's

2 Demand Review Committee), which HP produced to the USAO.

3      I declare under penalty of perjury under the laws of the United States of America that the

4 foregoing is true and correct.  Executed on this 25th day of August, 2017, at San Francisco,

5 California.

By:      *_/s/ Susan D. Resley_*
              Susan D. Resley

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 93441054.1

5

DECLARATION OF SUSAN D. RESLEY
Case No. 3:16-cr-00462 (CRB)