KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@kvn.com
JAN NIELSEN LITTLE - # 100029
jlittle@kvn.com
BROOK DOOLEY - # 230423
bdooley@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUSHOVAN HUSSAIN,<br><br>Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**DEFENDANT SUSHOVAN HUSSAIN'S RESPONSE TO HP'S MARCH 1, 2018 SUBMISSION**<br><br>Dept.:   Courtroom 6, 17th Floor<br>Judge:   Hon. Charles R. Breyer<br><br>Date Filed: November 10, 2016<br><br>Trial Date: February 26, 2018 |

This week, the Court offered clear guidance about which of Hewlett-Packard's witness summaries should be produced to defense counsel and the government:

> MS. RESLEY: So, Your Honor, are you limiting this to the HP in-house summaries that will be turned over? We just want to clarify. That were the subject of the Rule 17 subpoena?
>
> MR. MARAIS: No. The Rule 17 subpoena went much further than just to HP in-house. It reached all sorts of other firms as well. I think what we just agreed is to carve out the UK, Travers Smith interviews, but everything else would fall within the disclosure –
>
> THE COURT: Yes, it would. Everything else would fall – that was covered by the Rule 17 subpoenas. … **You look at the subpoenas. If [it's] covered, it's covered, it's producible, save and except for Travers**.

Hr'g Tr. (Feb. 27, 2018), 457:12–22 (emphasis added).

The Court's ensuing Order was also clear: "HP is ordered to produce summaries of witness interviews requested by Hussain pursuant to Rule 17(c)," with one relevant exception: "HP need not produce interview summaries prepared by Travers Smith LLP." Dkt. 255, 5–6.

Nevertheless, HP's latest submission makes clear that it does not intend to comply with the Court's Order. Instead, HP seeks to expand the Court's narrow exception to conceal memoranda that are plainly subject to Mr. Hussain's Rule 17(c) subpoenas. According to HP's March 1 filing, HP now refuses to turn over *eleven* witness summaries prepared by Choate Hall & Stewart ("Choate") and PricewaterhouseCoopers ("PwC")—summaries that HP concedes "would otherwise be produced pursuant to the Court's order"—simply because those interviews were *also* attended or requested by Travers Smith. Dkt. 257.

None of HP's excuses for its recalcitrance holds water.

First, it is important to understand why Travers Smith's work product is different in kind from memoranda prepared by HP's U.S. firms. In the UK civil litigation, the parties are due to exchange formal "witness statements"—essentially direct testimony in the form of written statements—later this year, and defense counsel's understanding is that it is drafts of *those* statements that HP sought to withhold. HP's explanation has been that sharing its formal witness statements now, when they are not due until June, would force HP to reveal its hand months

1  ahead of schedule.  *See, e.g.*, Trial Tr. (Feb. 27, 2018), 454:14–22 (describing a "category of
2  witness statements" that are the subject of "ongoing litigation").  That logic does not extend to
3  interview summaries prepared by PwC[1] or Choate.  Rather, the PwC and Choate memoranda will
4  almost certainly be factual summaries akin to the memoranda compiled by Morgan Lewis and
5  Proskauer Rose—not the formal witness statements that Travers Smith is currently drafting.

6  Second, HP cannot reasonably believe that "the mere identification of these witnesses will
7  reveal trial and litigation strategy in the ongoing U.K. Civil Litigation."  Dkt. 257 at 1:22–23.
8  The Court's Order does not require HP to hand over any and all witness statements; it is limited
9  to summaries for witnesses identified by the government.  The fact that HP is drafting statements
10 for witnesses who will testify in this case is hardly a revelation: no one would be surprised to
11 learn that HP is interviewing Christopher Yelland or Fernando Lucini in connection with its U.K.
12 civil suit.  And if HP's UK lawyers have indeed identified a witness that no one else is aware
13 of—that is, someone that neither party will call in this trial—then HP has no obligation to identify
14 them or produce the interview summaries.[2]

15 Third, the inference HP expects the Court to draw from its March 1 response—that the
16 PwC and Choate summaries were essentially prepared "for the purpose of the U.K. Civil
17 Litigation"—is belied by positions HP has taken in the past.  Earlier this year, for instance, HP
18 listed various PwC and Choate interview summaries among a set of interviews that "were ***not***
19 conducted or prepared in anticipation of or in connection with the UK civil litigation."  *See*
20 **Exhibit A**.  By way of example, PwC has prepared written summaries of interviews with
21 Mr. Lucini and Mr. Yelland, both of whom the government will call at trial.  (Mr. Yelland has
22 already been the subject of several motions *in limine*.)  Although HP previously conceded that
23 those interviews are unrelated to its UK efforts, *see* Ex. A, it has now excluded them from the list
24 of witness summaries it intends to produce on the basis that "the mere identification of these

---

[1] The Court's February 28 Order specifically addressed PwC's work.  *See* Dkt. 255 at 6 ("With respect to Pricewaterhouse interviews, withholding those interviews is no longer necessary to protect attorney work product (because work-product protection has been waived)….").

[2] In any event, if the defense needs to refer to these summaries in court, it is willing to describe them as memoranda prepared by PwC or Choate, without making any mention of Travers Smith's role.

1  witnesses"—witnesses HP has previously identified—"will reveal trial and litigation strategy in
2  the U.K. Civil Litigation."  HP's gamesmanship is transparent, and it should not now be able to
3  hide PwC and Choate's work behind the narrow Travers Smith exception when it knows full well
4  that PwC and Choate were working at HP's behest in the US.  *See, e.g.*, Dkt. 110 (HP Mot. to
5  Quash) at 2:14–15 ("*Morgan Lewis* retained [PwC] as forensic assistants to assist with an
6  investigation of Autonomy's pre-acquisition accounting practices").

7  These issues have already been litigated at some length.  Mr. Hussain asks only that the
8  Court remind HP of its existing obligations: "You look at the subpoenas. If [it's] covered, it's
9  covered, it's producible, save and except for Travers."  Memoranda prepared by PwC and Choate
10 are both covered by the subpoena; neither of those firms is Travers Smith.  Respectfully,
11 Mr. Hussain requests that the Court reiterate its order that HP produce—as expeditiously as
12 possible[3]—any memoranda in its possession that (a) summarize interviews of witnesses on the
13 government's witness list, where (b) those summaries were prepared by HP in-house counsel or
14 those firms identified in Mr. Hussain's two Rule 17 subpoenas, save and except for Travers
15 Smith.

Respectfully submitted,

Dated:  March 2, 2018                      KEKER, VAN NEST & PETERS LLP

                                           By: */s/ John W. Keker*
                                               JOHN W. KEKER
                                               JAN NIELSEN LITTLE
                                               BROOK DOOLEY

                                               Attorneys for Defendant
                                               SUSHOVAN HUSSAIN

---

[3] On February 28, the Court ordered HP to produce these witness summaries "as soon as possible." Dkt. 255 at 1; *see also id.* at 5 ("The parties have agreed that HP should produce these documents as expeditiously as possible…."). In its response, HP lists (some of) the responsive witness memoranda in alphabetical order. Dkt. 246. In any event, on March 1, Morgan Lewis disclosed interview reports for two government witnesses that are expected to be called on March 5–6. Mr. Hussain trusts that the remaining interview summaries will indeed be produced "as soon as possible" and "as expeditiously as possible" in order that they may prepare for trial days beyond March 6.