KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>SUSHOVAN HUSSAIN,<br><br>            Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**DEFENDANT SUSHOVAN HUSSAIN'S MEMORANDUM RE: EVIDENCE THAT HEWLETT PACKARD IS COVERING WITNESSES' LEGAL EXPENSES**<br><br>Judge:     Hon. Charles R. Breyer<br><br>Date Filed: November 10, 2016<br><br>Trial Date: February 26, 2018 |
|---|---|

DEFENDANT SUSHOVAN HUSSAIN'S MEMORANDUM RE: EVIDENCE THAT HEWLETT
PACKARD IS COVERING WITNESSES' LEGAL EXPENSES
Case No. 3:16-cr-00462-CRB

1261963.05

## I. INTRODUCTION

Evidence that Hewlett Packard (HP) is covering certain witnesses' legal fees is admissible because it impeaches the witnesses' credibility through a showing of bias. Moreover, California law does not require HP to indemnify witnesses for these fees, and even it did, evidence of the third-party fee arrangement would still be admissible.

### A. The evidence is relevant and admissible because it shows the witnesses' bias.

"Bias is a term used . . . to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *United States v. Abel*, 469 U.S. 45, 52 (1984). "Evidence is relevant . . . if it has a *mere tendency* to impeach a witness' credibility by a showing of bias." *United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000) (emphasis added). Third-party fee arrangements are a well-recognized source of bias, particularly where, as here, the individual is represented by a lawyer who is being compensated by a third-party employer. *Wood v. Georgia*, 450 U.S. 261, 268–69, 270 n.17 (1981); *Quintero v. United States*, 33 F.3d 1133, 1135 (9th Cir. 1994). The lawyer may "prevent[] the client from offering testimony . . . contrary to the employer's interest." *Wood*, 450 U.S. at 269. And "employers may be interested in furthering their own economic, political, or social goals" by paying for legal fees. *Id.* at 270 n.17.

Here, HP—the putative "victim," and one that "has loomed large throughout this prosecution"—is covering certain witnesses' legal expenses. ECF No. 255 at 1. That support yields an incentive to favor HP and the government. Evidence of the arrangement is therefore admissible to impeach witnesses' credibility through a showing of bias. What is more, in addition to a witness's own gratitude to HP for this support, these witnesses may have been advised "unconsciously or otherwise" to testify in HP's favor. *Abel*, 469 U.S. at 52. After all, a conviction would aid HP's $5 billion lawsuit against Mr. Hussain in England and would give HP cover for its mismanagement of the Autonomy acquisition. *Wood*, 450 U.S. at 270. Given these considerations, evidence that HP is financially supporting these witnesses is admissible and highly probative because it impeaches the witnesses' credibility through a showing of bias. The Court should admit it.

1

DEFENDANT SUSHOVAN HUSSAIN'S MEMORANDUM RE: EVIDENCE THAT HEWLETT PACKARD IS COVERING WITNESSES' LEGAL EXPENSES
Case No. 3:16-cr-00462-CRB

1261963.05

**B.      California law does not require HP to cover these expenses.**

The government contends that evidence of the third-party fee arrangement is "irrelevant" because California law requires HP to cover certain witnesses' legal expenses. Incorrect. Section 2802 of the California Labor Code only "requires an employer to indemnify an employee who is *sued by third persons* for conduct in the course and scope of his or her employment." *Nicholas Labs., LLC v. Chen*, 199 Cal. App. 4th 1240, 1247 (2011) (emphasis in original); *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 766 (9th Cir. 2003) ("As the language of the statute makes clear, § 2802 is designed to indemnify employees for their legal *defense* costs when they are sued for actions arising out of their employment." (emphasis in original)). Here, none of the witnesses has been sued for their conduct, and thus the statute is inapplicable. *See Nicholas*, 199 Cal. App. 4th at 1247 ("[T]he employer need not defend whenever there is a mere potential for liability.").[1]

Even if the statute did apply, that fact would not preclude Mr. Hussain from offering evidence of HP's financial assistance in the first instance. Such evidence would still bear on a witness's credibility because the witness may nevertheless feel gratitude to HP, and the witness's lawyer may still discourage the witness from offering testimony contrary to HP's interests. And in the face of such evidence, the government could seek to rehabilitate the witness's credibility by invoking the statute.

In sum, this Court should admit evidence that HP is covering certain witnesses' legal expenses because it impeaches the witnesses' credibility through a showing of bias. HP's purported indemnification obligations, to the extent that they exist, do not undermine that conclusion.

---

[1] In addition, California courts have not determined if the statute applies in criminal cases. *See Los Angeles Police Protective League v. City of Los Angeles*, 27 Cal. App. 4th 168, 177 (1994). In any event, HP certainly did not believe that it was required to indemnify Mr. Hussain. To the contrary, HP rejected Mr. Hussain's request that it advance fees and indemnify him in connection with the government's investigation, insisting that it had no obligation to do so.

2

DEFENDANT SUSHOVAN HUSSAIN'S MEMORANDUM RE: EVIDENCE THAT HEWLETT PACKARD IS COVERING WITNESSES' LEGAL EXPENSES
Case No. 3:16-cr-00462-CRB

1261963.05

Respectfully submitted,

Dated: March 5, 2018   KEKER, VAN NEST & PETERS LLP

By: */s/ John W. Keker*
JOHN W. KEKER
JAN NIELSEN LITTLE
BROOK DOOLEY
CODY GRAY

Attorneys for Defendant
SUSHOVAN HUSSAIN

3

DEFENDANT SUSHOVAN HUSSAIN'S MEMORANDUM RE: EVIDENCE THAT HEWLETT PACKARD IS COVERING WITNESSES' LEGAL EXPENSES
Case No. 3:16-cr-00462-CRB

1261963.05