1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  ROBERT S. LEACH (CABN 196191)
   ADAM A. REEVES (NYBN 2363877)
5  WILLIAM FRENTZEN (LABN 24421)
   Assistant United States Attorneys
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-7453
8       Fax: (415) 436-7234
        robert.leach@usdoj.gov
9
   Attorneys for United States of America
10
                          UNITED STATES DISTRICT COURT
11
                        NORTHERN DISTRICT OF CALIFORNIA
12
                              SAN FRANCISCO DIVISION
13
   UNITED STATES OF AMERICA,              )  Case No. CR 16-462 CRB
14                                        )
        Plaintiff,                        )  UNITED STATES' RESPONSE TO
15                                        )  DEFENDANT'S MOTION *IN LIMINE*
     v.                                   )  TO ADMIT EVIDENCE THAT
16                                        )  HEWLETT PACKARD IS COVERING
   SUSHOVAN TAREQUE HUSSAIN,              )  WITNESSES' LEGAL EXPENSES
17                                        )
        Defendant.                        )
18                                        )

19      The United States hereby responds to the Defendant's Memorandum re: Evidence that

20 Hewlett Packard is Covering Witnesses' Legal Expenses dated March 5, 2018 (Document 262).

21 The motion should be denied because Hewlett-Packard ("HP") is required by its corporate

22 bylaws to indemnify certain former officers in the United States – including Stouffer Egan and

23 Joel Scott – undermining the defendant's claim that the payment of legal fees creates "an

24 incentive to favor HP and the government." Document 262 at 2. *See* Attachment A (March 5,

25 2018 Email from HP Counsel attaching corporate bylaws and other documents available on

26 request).

27

28

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO ADMIT
EVIDENCE THAT HEWLETT PACKARD IS COVERING WITNESSES' LEGAL
EXPENSES, CASE NO. CR 16-462 CRB        1

Factually, this case bears little resemblance to *Quintero v. United States*, 33 F.3d 1133, 1135 (9th Cir. 1994), on which the defendant relies. In *Quintero*, the defendant sought to vacate his drug conviction for ineffective assistance of counsel because "his attorney was paid by an unknown third party."

Here, HP, the former employer of certain witnesses in the trial, must provide mandatory indemnification for legal fees. These witnesses can hardly feel "gratitude," as the defense contends, for something that is mandated. If evidence of HP's payment of certain legal fees is admitted, it will open the door to proof that HP *must* pay legal fees for qualifying former officers and employees according to its corporate bylaws.

Finally, the government joins the defendant in emphasizing the importance of the Supreme Court's ruling in *Wood v. Georgia,* 450 U.S. 261 (1981). In *Wood*, the Supreme Court noted that there are "inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise." *Id*. at 268-69. If the defendant introduces evidence about HP's payment of legal fees, then that may open the door to the possible payment of legal fees by interested parties for certain defense witnesses.

## CONCLUSION

For these reasons, the Court should deny the defendant's motion *in limine* to admit evidence about HP's payment of legal fees.

Dated:  January 5, 2018                                      Respectfully Submitted,

ALEX G. TSE
Acting United States Attorney

/s/
_____
ROBERT S. LEACH
ADAM A. REEVES
WILLIAM FRENTZEN
Assistant United States Attorneys