KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUSHOVAN HUSSAIN,<br><br>　　　　　Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**DEFENDANT HUSSAIN'S REQUEST FOR CASE MANAGEMENT ASSISTANCE**<br><br>Judge:　　Hon. Charles R. Breyer<br><br>Case Filed: November 10, 2016<br><br>Trial Date: February 26, 2018 |

**INTRODUCTION AND SUMMARY OF REQUEST**

Defendant Sushovan Hussain seeks the Court's assistance to require the government to provide more information about its intended order of witnesses.  Specifically, in addition to the three trial days' notice of specific witness order and exhibits—which the parties previously agreed to and which, for the most part, has been provided—Defendant Hussain seeks from the government a good-faith and general representation of (1) what government witnesses are likely to testify in March; (2) what government witnesses are likely to testify during the first week of April, and (3) what witnesses will be at the end of the government's case in the middle of April. This basic information is necessary for the defense properly to order its trial preparation; it is impossible for the defense adequately to prepare for the government's remaining dozens of

witnesses all at once. The government has made clear that it knows its general plan for witness order, but refuses to provide that information unless and until the defense provides an order for its own witnesses, to be called in mid- to late-April, something the defense is simply unable to do at this early stage of the trial (except in the most general terms, which it has done).

Without some general sense of the order of the government's remaining witnesses, the defense must guess in prioritizing its preparation. If the defense guesses wrong, a mid-trial continuance may be necessary for the defense to complete its preparation for a witness. No one wants that.

## I.     BACKGROUND

This is not your run-of-the-mill federal criminal trial (if there is such a thing).

To date, the government has produced more than four *terabytes* of discovery material. That material includes more than 1.3 million documents—more than 10 million pages' worth— gathered by the government during its investigation. HP alone has provided the government with over 2.3 million pages of material during the investigation. In addition, the government has produced more than 11 million documents from HP's U.K. civil suit, as well as thousands of pages of witness statements and transcripts. All told, over the last fourteen months, the defense has received over 12 million documents, comprising tens of millions of pages of material. Using government witness Jane Snider's calculations this would comprise not a courtroom but a court*house* full of paper.

The facts of this trial are complex. The case concerns (1) scores of complicated Autonomy transactions and strategic initiatives conducted in 2009, 2010, and 2011; (2) the accounting treatment for each of those deals, as determined by Deloitte in the 2009–11 time period, as revised by Hewlett Packard after 2011, and as reviewed by experts in 2017 and 2018; and (3) the lead up to and aftermath of an $11 billion acquisition of Autonomy by HP in 2011. Any one of these segments—indeed any one of the complex deals—would be enough for one trial. The combination of all three pieces and the attendant documentary record is, as the Court knows, particularly challenging.

## II. WITNESS ORDER DISCUSSIONS

The government's second amended witness list, filed on February 9, identified 72 witnesses plus various records custodians. Dkt. 246. Some witnesses were designated as "likely" while others were "less likely." In a meet-and-confer conversation on February 16, the government identified 34 witnesses as ones they anticipated calling, and put another 31 witnesses in an "unsure" category. In this February 16 conference, the government also "batched" the witnesses into groups, telling defense counsel whether the witnesses were anticipated for the beginning, middle, or end of the government's case. This "batching" has been extremely helpful to the defense's ability to prioritize its preparation, and, as a result, the courtroom presentations have gone relatively smoothly.

By the end of last week, seven government witnesses had completed their testimony. Under our "three trial day notice" agreement, the government also identified the order of its next six witnesses, so we now know the witness order up through witness number 13, Stouffer Egan, whom the government expects to call on March 19. The recently disclosed witness order skipped over some of the previously identified "beginning" witnesses (including John Cronin and Bill Loomis, scheduled to testify last week), and dipped into the "middle" batch. Accordingly, the defense requested a meet-and-confer call with the government to (1) receive an update on the government's approximation of timing for the remaining 22 government witnesses, (2) find out if any previously "likely" witnesses were no longer likely to be called and (3) learn whether any witnesses who were previously designated "unsure" might now be likely.

In a meet-and-confer call on Friday, March 9, the government indicated that it was prepared to advise the defense of which of its witnesses would be called (1) between March 19 and March 27 (6 trial days), (2) between April 2 and April 9 (5 trial days), and (3) on or after April 16.[1] However, while the government indicated that it *could* provide this information, it said it *would not* do so unless the defense provided the order of its potential defense witnesses— witnesses who are unlikely to be called until late April. In response, the defense advised that this was an impossible request: the government's case has only begun, with most of its important

---

[1] On the current schedule, the court is dark between April 9 and April 16.

3

witnesses yet to testify, and the defense does not know how much of its case can be proved through government witnesses and therefore which defense witnesses, if any, will be needed. The best the defense could do, and did, is provide the government its current thinking that in any defense case it would call HP witnesses first, then former Autonomy witnesses, then any other witnesses. But at this early stage of the trial, after having heard the testimony of only seven out of at least 29 (and potentially as many as 60) government witnesses, the defense cannot honestly and in good faith predict what the defense case, to commence 5 or 6 weeks from now, will look like.[2] In response, the government not only refused to provide any witness "batching" information; it also would not advise whether or not any of its previously designated "likely" witnesses had moved to the "unsure" category, or whether any previously "unsure" witnesses had moved to the "likely" lineup.

So now we are left with a situation where, after Mr. Egan, there are 53 remaining potential government witnesses—22 of whom the government anticipates calling and 31 of whom may or may not still be "unsure"—and the defense has no idea of their order. As the Court can appreciate, it takes significant time to scour the millions of documents (which are housed in multiple databases) to identify and analyze them for potential use in cross-examination; thereafter, it takes days to assemble the cross-examination binders for the witnesses and the Court. The "three trial day notice" period—which typically includes the first identification of exhibits the government intends to use with a witness—provides sufficient time for defense counsel to *finalize* cross examination binders. But the defense needs more than three days to prepare for cross-examinations, particularly for key witnesses. For defense counsel to have to guess which witnesses will be coming up soon, or in a few weeks, or at the end of the trial, risks that the defense will not be able to prepare adequately, and do so in the right order, and raises the specter of a mid-trial continuance if the defense guesses incorrectly and fails to correctly prioritize the order of witness preparation. And there is no reason, other than tactics, for the

---

[2] The defense hopes to have a better idea of potential defense witnesses, and the order of those witnesses, by early April—that is, after another 8 court days of testimony. Defense counsel will provide its own good-faith assessment of its likely witnesses to the government as soon as it is in a position to do so.

government to withhold this information.[3]

Accordingly, we ask the Court to require the government to (1) provide the three-batch "triaging" of its remaining witnesses, which it has said it can do, *without* conditioning its provision on a specific ordering of defense witnesses, which is impossible for the defense to do at this point; (2) identify any witnesses who have fallen from the "likely" to the "unsure" list, so that the defense does not devote time unnecessarily to preparing for them; and (3) advise whether any of the 31 previously "unsure" witnesses are now likely to testify (so that the defense can alter course and devote time to preparing for those witnesses).

## III. LENGTH OF TRIAL

In the pretrial conference statement filed on January 10, *see* Dkt. 186, the government estimated its case would last for five weeks; the defense estimated that it would need two weeks. During our meet-and-confer call last Friday, the government indicated that it was anticipating ending its case sometime after April 16. The week of April 16 will be our eighth trial week. If the government's case lasts until after April 16, and if the defense puts on a case that lasts up to two weeks, we risk having this trial run into the month of May. We raise this for the Court's consideration.

Respectfully submitted,

Dated: March 11, 2018                KEKER, VAN NEST & PETERS LLP

By: */s/ John W. Keker*
JOHN W. KEKER
JAN NIELSEN LITTLE
BROOK DOOLEY

Attorneys for Defendant
SUSHOVAN HUSSAIN

---

[3] During the March 9 conference call, the Government also indicated that it is adding a witness to its list, and the government disclosed (for the first time) the name of its previously unnamed "FRC Witness."