IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSHOVAN TAREQUE HUSSAIN,<br><br>  Defendant. | Case No. 16-cr-00462-CRB-1<br><br>**ORDER RE: VARIOUS TRIAL MOTIONS** |

Consistent with the Court's oral rulings during trial on April 13 and 16, 2018:

**1.**  Defendant's motion to exclude the testimony of Paul Morland and David Toms (dkt. 322) is **DENIED**.

**2.**  Defendant's motion to exclude the testimony of John Meiers (dkt. 330) is **DENIED**.

**3.**  Defendant's motion to exclude the summary chart of Autonomy's revenue (dkt. 337) as substantive evidence under Federal Rule of Evidence 1006 is **GRANTED**. However, the chart is admissible as a demonstrative.

**4.**  The Court modified its April 4 ruling regarding the testimony of Christopher Yelland. At trial on April 4, the Court concluded that the testimony of both Yelland and Steven Brice would likely be cumulative. Accordingly, it ordered the government to put on the testimony of Brice first, and deferred ruling on whether the testimony of Yelland would be admissible under Rule 403 until after the jury had heard Brice's testimony. However, it now appears that, while the testimony of Brice would likely be cumulative of that of Yelland, the inverse is likely not true. Accordingly, at trial on April 13, the Court allowed the government to make an election as to whether to put Yelland or Brice on the

1  stand. The government stated that it planned to put Yelland on the stand rather than Brice.

2  **5.** Defendant's motion to limit the testimony of Brice (dkt. 333) is therefore
3  **DENIED** as moot.

4  **6.** The Court deferred ruling on Defendant's motion to limit the testimony of
5  Special Agent Bryant (dkt. 335), given the government's representation that it planned to
6  modify the scope of that testimony. The Court noted that, generally, it is permissible for
7  the government to introduce otherwise admissible evidence, such as statements by the
8  Defendant, with its case agent on the stand. However, the Court will wait to rule on the
9  admissibility of specific evidentiary materials until after the government has provided to
10  the defense an updated list of the materials it intends to introduce through Special Agent
11  Bryant.

12  **7.** The Court also defers consideration of the admissibility of the "Top 40" list
13  (dkt. 331) under Rule 1006.

14  **IT IS SO ORDERED.**

15  Dated: April 16, 2018

16  CHARLES R. BREYER
    United States District Judge