KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUSHOVAN HUSSAIN,<br><br>　　　　　Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**DEFENDANT'S RESPONSE TO THE COURT'S REVISIONS TO JURY INSTRUCTIONS (DKT NO. 362)**<br><br>Judge:　　Hon. Charles R. Breyer |

Defendant Sushovan Hussain submits the following comments and suggested revisions to the Court's proposed jury instructions filed at Docket No. 362.

Mr. Hussain objects to the Court's instruction on "Wire Fraud—Victim's Conduct." Dkt No. 362-1 at 23. Evidence "regarding Hewlett Packard's internal processes in deciding whether to purchase Autonomy" is relevant not only to materiality, but also to whether Mr. Hussain's statements or omissions were false or misleading, and to whether he acted in good faith. The jury cannot determine, for instance, whether omissions were made or answers were "misleading" unless they know what HP wanted (or wanted not) to see. That is why evidence about HP's conduct during due diligence, including about its "internal processes in deciding whether to purchase Autonomy," tends to prove or disprove whether Mr. Hussain's representations were false, whether they were made in good-faith, *and* whether they were material.

The instruction may also confuse the jury. Mr. Hussain has not argued that HP was negligent during due diligence; he has argued that HP did not care about certain information. Even as to the information that HP did *not* seek, Mr. Hussain has not cast that choice as an issue of negligence or carelessness. Quite the opposite: he elicited testimony from KPMG employee Andy Gersh that HP's due diligence process was deliberate and customary. *See* Tr. 4601:14–4602:18.

In short, Mr. Hussain opposes the instruction in its entirety. If the Court is nevertheless inclined to give an instruction on this issue, Mr. Hussain respectfully requests that the Court adopt the revised version attached hereto. It removes ambiguity regarding HP's "internal processes" by referring to HP's "process for deciding whether to purchase Autonomy." It also makes clear that evidence about what HP said and did is relevant to assessing whether the alleged misstatements or omissions were intentionally false or misleading.

With respect to the wire fraud instruction, Dkt. No. 362-1 at 19–20, Mr. Hussain objects to including the phrase "participated in" on line 7. That language does not appear in the indictment.

Mr. Hussain proposes that instruction 5.9 include a reference to "auditors." Throughout the trial, Deloitte employees have been referred to as "auditors," not accountants. A proposal

1

reflecting this revision appears below.

As a general matter, Mr. Hussain prefers his previously proposed versions of the instructions, *see* ECF No. 184, but understands the Court's rulings.

Respectfully submitted,

Dated:  April 20, 2018

KEKER, VAN NEST & PETERS LLP

By:  */s/ John W. Keker*
JOHN W. KEKER
JAN NIELSEN LITTLE
BROOK DOOLEY
CODY GRAY

Attorneys for Defendant
SUSHOVAN HUSSAIN

| | |
|---|---|
| 1 | **#       WIRE FRAUD—VICTIM'S CONDUCT (showing edits)** |

You have heard evidence regarding Hewlett Packard's ~~internal~~ process~~es~~ ~~in~~<ins>for</ins> deciding whether to purchase Autonomy.  You are to consider this evidence ~~only~~ to the extent that it helps you determine whether the statements made or facts omitted as part of the alleged scheme were <ins>intentionally false or misleading.  You may also consider this evidence to the extent that it helps you determine whether the statements made or facts omitted as part of the alleged scheme were</ins> material; that is, whether they had a natural tendency to influence, or were capable of influencing, a person to part with money or property (see p. 19).  If you find that th<ins>ese</ins>~~is~~ element<ins>s</ins> ha~~ve~~<ins>s</ins> been met, then whether there were additional things Hewlett Packard could have done to avoid being impacted by the alleged misstatements and/or omissions is irrelevant to your verdict.

1  **#       WIRE FRAUD—VICTIM'S CONDUCT (clean version)**

3  You have heard evidence regarding Hewlett Packard's process for deciding whether to purchase Autonomy.  You are to consider this evidence to the extent that it helps you determine whether the statements made or facts omitted as part of the alleged scheme were intentionally false or misleading.  You may also consider this evidence to the extent that it helps you determine whether the statements made or facts omitted as part of the alleged scheme were material; that is, whether they had a natural tendency to influence, or were capable of influencing, a person to part with money or property (see p. 19).  If you find that these elements have been met, then whether there were additional things Hewlett Packard could have done to avoid being impacted by the alleged misstatements and/or omissions is irrelevant to your verdict.

**5.9   RELIANCE ON PROFESSIONAL ADVICE (showing edits)**

With respect to Counts Two through Sixteen, one element that the government must prove beyond a reasonable doubt is that the defendant acted with the intent to defraud.  Evidence that the defendant in good faith followed the advice of a<span style="color:red;text-decoration:underline">uditors who are</span> qualified accountant<span style="color:red;text-decoration:underline">s</span> may be inconsistent with the intent to defraud.  For there to be a good faith reliance on the advice of an accountant, the defendant, before acting, must have made full and truthful disclosure of all material facts to an accountant and received the accountant's advice as to the specific course of conduct that was followed.  In addition, the Defendant's reliance on the accountant's recommended course of conduct or advice must have been reasonable, given the Defendant's education, experience, and knowledge.

**5.9     RELIANCE ON PROFESSIONAL ADVICE (clean version)**

With respect to Counts Two through Sixteen, one element that the government must prove beyond a reasonable doubt is that the defendant acted with the intent to defraud. Evidence that the defendant in good faith followed the advice of auditors who are qualified accountants may be inconsistent with the intent to defraud. For there to be a good faith reliance on the advice of an accountant, the defendant, before acting, must have made full and truthful disclosure of all material facts to an accountant and received the accountant's advice as to the specific course of conduct that was followed. In addition, the Defendant's reliance on the accountant's recommended course of conduct or advice must have been reasonable, given the Defendant's education, experience, and knowledge.