KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
IAN KANIG - # 295623
ikanig@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUSHOVAN HUSSAIN,<br><br>　　　　　Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**REPLY IN SUPPORT OF DEFENDANT SUSHOVAN HUSSAIN'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 29(c)**<br><br>Judge:　　Hon. Charles R. Breyer<br><br>Date Filed: November 10, 2016 |

The government's opposition includes several pages listing trial witnesses and exhibits, but sidesteps the legal arguments underlying Mr. Hussain's renewed motion for acquittal. These arguments are dispositive and mandate dismissal of all charges notwithstanding the jury verdict.

***First,*** despite the government's claim that the alleged conspiracy lasted nearly three years and required the near-daily participation of its senior executives, there was not one trial exhibit or line of testimony showing Mr. Hussain made ***an agreement to defraud Autonomy shareholders.***[1] While co-conspirators need not have made a *formal* agreement, there still must be *an* agreement. *United States v. Montgomery*, 150 F.3d 983, 998 (9th Cir. 1998) ("It is not enough, however, that [the defendants] simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a joint plan[.]"). But the government did not identify, nor did the evidence show, what the agreement was, when it occurred, or who was involved. To avoid this outcome, the Ninth Circuit has warned courts not to "overemphasize a rule of evidence (that an agreement may be inferred from surrounding circumstances) at the expense of a rule of law (that proof of an agreement is required for the crime of conspiracy)." *United States v. Melchor-Lopez*, 627 F.2d 886, 890 (9th Cir. 1980). Even if the evidence had shown that Mr. Hussain improperly (or even fraudulently) accounted for some Autonomy sales, that would still be insufficient to sustain the conspiracy conviction. *See United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (for conspiracy, the jury must "unanimously agree that the defendant is guilty of participating in a *particular* conspiracy") (emphasis added). In the absence of any evidence that Mr. Hussain actually ***agreed*** with someone else to criminally inflate revenue, no rational trier of fact could have concluded that Mr. Hussain committed conspiracy.

***Second***, the government cites no evidence in its opposition brief showing that Mr. Hussain intended to do more than "maximize [Autonomy's] apparent profitability" and "maintain a high share price," which are not crimes. *Webb v. Solarcity Corp.*, 884 F.3d 844, 856 (9th Cir. 2018). Instead, the government contends that because the conspiracy charge was proved and because the jury found there were wires in support of that conspiracy, each wire fraud count was also proved.

---

[1] Although the superseding indictment is silent as to the victim(s) of the alleged conspiracy, the government has made clear that it tried its case on the theory that there was a single overarching conspiracy to defraud Autonomy investors, ultimately including HP. Dkt. No. 412 at 3:19-21.

That is insufficient.  Even assuming that the government had offered evidence that Mr. Hussain and/or others intended to "artificially" maximize apparent profitability and revenue, no evidence showed that Mr. Hussain acted with the requisite fraudulent intent in the pursuit of each particular wire.[2]  Accordingly, the Court should acquit Mr. Hussain as to each wire fraud charge.

*Third*, there was no evidence showing that Mr. Hussain defrauded **HP shareholders** under the narrow and specific scope of 18 U.S.C. § 1348.  To sustain this charge, the government was required to prove, among other things, that "Hussain caused HP to repeat his representations about the state of Autonomy's finances" and "knew that he was causing HP to do so."  *United States v. Hussain*, 2017 WL 4865562, at *9 (N.D. Cal. Oct. 27, 2017).  The government claims that Mr. Hussain's warranty to HP about Autonomy's finances proves he knowingly caused HP to repeat his representations to HP shareholders.  But the warranty in and of itself says nothing about Mr. Hussain's knowledge about the dissemination of his representations to HP shareholders.  As a result, the government is left to say that "Hussain obviously knew . . . HP would tout Autonomy's value to the investing public."  Opp. at 8.  Even if that were true, that would not mean there is evidence that Mr. Hussain knew HP would repeat his specific representations to its shareholders.  That the government ***could have*** introduced such evidence does not change the fact it ***did not***.  Accordingly, there is insufficient evidence to sustain Mr. Hussain's securities fraud conviction.

For the foregoing reasons, the Court should acquit Mr. Hussain of each of his convictions.

Respectfully submitted,

Dated:  June 13, 2018                                          KEKER, VAN NEST & PETERS LLP

By:  */s/ John W. Keker*
     JOHN W. KEKER

Attorneys for Defendant
SUSHOVAN HUSSAIN

---

[2] Furthermore, as Mr. Hussain argued in his motion for a new trial, because the Court submitted the case to the jury under a *Pinkerton* instruction, there can be "no assurance that the jury did not rely on the problematic conspiracy conviction in reaching its verdict on the substantive counts." Dkt. No. 409 (quoting *United States v. Echeverry*, 698 F.2d 375, 377 (9th Cir. 1983)).  For that reason, if the Court finds that there is insufficient evidence to support the conspiracy conviction, it must also invalidate each of the substantive convictions for wire fraud.