1  STEVEN M. SCHATZ, State Bar No. 118356
   KATHERINE HENDERSON, State Bar No. 242676
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  Email: sschatz@wsgr.com
          khenderson@wsgr.com
6

FILED

MAR 22 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7  *Attorneys for Non-Party*
   *Cathie Lesjak*
8
9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11             SAN FRANCISCO DIVISION
12

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 3:16-cr-00462-CRB |
| Plaintiff, | **NON-PARTY CATHIE LESJAK'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** |
| v. | |
| SUSHOVAN HUSSAIN, | Date: March 27, 2019 |
| Defendant. | Time: 1:30 p.m. |
| | Dept.: Courtroom 6 – 17th Floor |
| | Judge: Hon. Charles R. Breyer |
| | Date Filed: November 10, 2016 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on March 27, 2019, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Non-Party Cathie Lesjak will and hereby does move to quash the subpoena issued to her by Sushovan Hussain. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Steven M. Schatz in support thereof, the pleadings and exhibits on file with the Court, those matters of which this Court may take judicial notice, and on such further evidence and argument as may be presented prior to or at the time of the hearing.

## RELIEF SOUGHT

Non-Party Cathie Lesjak requests that the Court quash the subpoena issued to her by Sushovan Hussain compelling her to testify on April 8 or 9, 2019. In the alternative, Ms. Lesjak requests that the Court modify the subpoena so as to require her testimony only on April 16, 17, or 18, 2019.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Hussain has indicated he intends to subpoena Ms. Lesjak to testify on April 8 or 9, 2019, in Mr. Hussain's sentencing proceedings (the "Subpoena"). Ms. Lesjak agreed to accept service of that subpoena even though she should not be required to testify, and she is unavailable to testify on the indicated dates. She has, by this motion, immediately moved to quash the Subpoena because (a) further testimony from Ms. Lesjak is unnecessary and irrelevant, and (b) Ms. Lesjak's prior commitments do not allow her to testify on the dates requested.

### A. THE SUBPOENA IS UNREASONABLE AND OPPRESSIVE BECAUSE MS. LESJAK ALREADY TESTIFIED, AND FURTHER TESTIMONY IS IRRELEVANT AND/OR DUPLICATIVE

The Court should quash the Subpoena because Ms. Lesjak has already testified in this matter, and further testimony from her would be duplicative and/or irrelevant to Mr. Hussain's sentencing proceeding.

The district court may quash the subpoena if compliance would be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2). A subpoena is unreasonable or oppressive when the evidence it purports to adduce is irrelevant. *In re Grand Jury Subpoena*, 646 F.3d 159, 164 (4th Cir. 2011); *United States v. Cohen*, No. WDQ-14-0310, 2015 U.S. Dist. LEXIS 101449, at *3 (D. Md. Aug. 3, 2015) (quashing defendant's subpoena for testimony as unreasonable and oppressive where defendant did not show that witness had relevant information). A subpoena is also unreasonable or oppressive where the non-party witness has already testified. *See Amsler v. United States*, 381 F.2d 37, 51 (9th Cir. 1967).[1] For example, in *Ansler*, the Ninth Circuit held that the trial court did not err when it quashed a criminal defendant's subpoena to recall a witness who had already testified. The defendant already had the opportunity to cross-examine the witness, and thus, "to issue the subpoena would be an oppressive and unreasonable use of the process of the court." 381 F.2d at 51.

Here, the Subpoena is likewise unreasonable and oppressive because Ms. Lesjak has already testified as a witness called by the defendant in this case. Mr. Hussain already had ample opportunity to elicit testimony from Ms. Lesjak. Further live testimony from her would be irrelevant, cumulative, and duplicative.

In addition, Mr. Hussain's stated goal for Ms. Lesjak's testimony is to elicit information to support his theory that there is no causal connection between Mr. Hussain's fraud and HP's losses, as articulated by Mr. Hussain's counsel to the Court on February 22, 2019. *See* Transcript of Proceedings, February 22, 2019, ECF No. 484, at 37:12-15 (Mr. Keker: "We listed a lot of witnesses . . . and the whole point of the witnesses were that you can't attribute the causal connection."). As the Court stated at the February 22 hearing, there is already ample evidence in the record on that issue. *See* Transcript of Proceedings, February 22, 2019, ECF No. 484, at 38 (the Court: "[T]here is ample evidence in the record, and I would so find, that a fraud caused a purchase."). The Court has already heard—and accepted—Ms. Lesjak's trial testimony that the

---

[1] While Rule 17(c) applies to subpoenas seeking documents as opposed to testimony, courts have applied this same standard when analyzing whether to quash subpoenas for trial testimony as well. *See Amsler*, 381 F.2d at 51; *Cohen*, 2015 U.S. Dist. LEXIS 101449, at *1.

fraud caused the transaction and therefore the loss/gain. *Id.* at 39:4-13 ("I don't need witnesses . . . " . . . "[W]e have evidence . . . by the . . . victim saying, I wouldn't have bought the company if I knew that this was going on."); *id.* at 40:6-7 ("[the Court] is going to take the position, contrary to [the defense's] that I've just articulated."). The defense should not be allowed to call Ms. Lesjak to a sentencing hearing in an attempt to walk back the testimony the defense elicited from her at trial—and which the Court has accepted.

Also, as stated in the accompanying Declaration of Steven M. Schatz in support of this motion (the "Schatz Decl."), Ms. Lesjak has no additional relevant information to give on the extent of loss suffered by HP. Schatz Decl. ¶ 7. She is not a Certified Public Accountant, and she relied on others within the HP finance organization with respect to accounting matters. *Id.* She has no conceivable information regarding Mr. Hussain's gains, and has already testified about her subjective views regarding the HP-Autonomy transaction. *Id.* ¶ 8.

Mr. Hussain's subpoena imposes an unreasonable burden on Ms. Lesjak by demanding that she testify yet again on the same topics, with minimal (if any) relevance to Mr. Hussain's sentencing. *See Cohen*, 2015 U.S. Dist. LEXIS 101449, at *3 (quashing subpoena for testimony at sentencing hearing; "Without sufficient indication that [witness's] testimony will be relevant and necessary, the Court will grant [her] motion to quash.").

### B. THE SUBPOENA IS UNREASONABLE AND OPPRESSIVE BECAUSE THE DATES CONFLICT WITH MS. LESJAK'S PERSONAL AND PROFESSIONAL COMMITMENTS

As discussed above, the Court should quash the Subpoena outright. If the Court declines to do so, the Court should, at minimum, modify the subpoena to change the dates of Ms. Lesjak's compelled testimony.

Mr. Hussain's counsel did not inform Ms. Lesjak's counsel of the planned subpoena until March 20, 2019. Schatz Decl. ¶ 3. Ms. Lesjak has pre-scheduled personal and professional commitments that preclude her testimony on those dates. *Id.* ¶ 10. Ms. Lesjak has a long-scheduled vacation in Hawaii until March 31, followed by a necessary business trip to Boston on April 9. During the days on which Ms. Lesjak will be in the Bay Area between those trips, her counsel will be traveling on business in Chicago (starting April 2), and he has also long planned

1  to vacation with his son thereafter, until April 9. *Id.* ¶ 10. Due to Ms. Lesjak's and her counsel's
2  multiple commitments, the first date on which it is practicable for Ms. Lesjak to be prepared for
3  testimony is Monday, April 15. She would be able to testify no earlier than April 16, 17 or 18,
4  2019. *Id.* Mr. Hussain's counsel is also available on those days. *Id.* ¶ 5. Ms. Lesjak's counsel
5  reached out to the Assistant United States Attorney in this matter. Mr. Frentzen, who handled
6  the examination of Ms. Lesjak at trial, stated that he is available on April 16, 17, or 18, and Mr.
7  Leach stated that he is available the afternoon of April 17 and all day April 18. *Id.* ¶ 6. The
8  Court should not compel Ms. Lesjak to testify on April 8 or 9, 2019.

## CONCLUSION

For all of the forgoing reasons, the Court should quash Mr. Hussain's subpoena to Ms. Lesjak. Alternatively, the Court should modify the subpoena to allow Ms. Lesjak to testify on April 16, 17, or 18, 2019.

DATED: March 22, 2019

WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION

_____
STEVEN M. SCHATZ

*Attorneys for Non-Party Cathie Lesjak*