DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7453
    Fax: (415) 436-7234
    robert.leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 16-00462 CRB |
|---|---|
|     Plaintiff, | ) |
|   v. | ) UNITED STATES' POST-HEARING |
| SUSHOVAN TAREQUE HUSSAIN, | ) BRIEF REGARDING GAIN/LOSS |
|     Defendant. | ) |

**INTRODUCTION**

During the hearing regarding the Sentencing Guidelines, the Court expressed an interest in calculating the defendant's sentence based on gain rather than loss. In a fraud case, "[t]he court shall use the gain that resulted from the offense as an alternative measure of loss only if there is a loss but it reasonably cannot be determined." U.S.S.G. § 2B1.1, Application Note 3(B). The government files this post-hearing brief to highlight that the calculation performed by the Court to ascertain gain would be equally applicable to the loss in this case – a point that the government unsuccessfully tried to describe during the hearing. Filed with this brief is the Declaration of Special Agent Alexandra Bryant, attached as Exhibit A, to support the

UNITED STATES' MEM. RE: SENTENCING
CASE NO. CR 16-00462 CRB     1

government's position that the Court's analysis of the proper measure of gain is equally applicable to a calculation of loss.

**ARGUMENT**

The Court suggested at the hearing that it could reasonably estimate the gain in this case by considering the gain to be the premium paid by Hewlett-Packard on the shares owned by defendant Sushovan Hussain.[1]  The government's simple position is that – given the Court's estimate of gain – the premium paid by Hewlett-Packard on all shares would equally serve as a reasonable estimate of the loss to Hewlett-Packard.  If the premium on the shares purchased is a reasonable estimate of gain, then it is also a reasonable estimate of loss.  "The court need only make a reasonable estimate of the loss" to satisfy the Sentencing Guidelines, and that estimate is entitled to "appropriate deference."  U.S.S.G. § 2B1.1, Application Note 3(C).

If the Court determines that the defendant should be credited for the market value of the shares – by reducing the sales of each share by that market price to calculate illicit gain, then the Court's logic holds for the loss as well.  The loss would also be the premium paid on the shares.  Following the Court's logic, the loss becomes easily calculable – the number of shares sold multiplied by the illicit amount: the difference between the market price and the price paid.

Based upon the Declaration of Special Agent Bryant, therefore, if the Court uses the premium paid as a measure of the fraud by Autonomy on Hewlett-Packard, the Court should logically find that a reasonable estimate of the loss is approximately $3.9 billion.

/ /

/ /

/ /

/ /

/ /

/ /

---

[1]  Of course, the government continues to maintain that it would be clear error to restrict the gain to only the gain to Hussain, rather than "the gain that resulted from the offense," as plainly stated in the Application Note and as upheld by every case that has considered the issue.

UNITED STATES' MEM. RE: SENTENCING
CASE NO. CR 16-00462 CRB                           2

**CONCLUSION**

For the reasons stated above, the government hereby respectfully requests that the Court find that the loss in this case is $3.9 billion for the purpose of calculating the Sentencing Guidelines.

Dated:  April 10, 2019                                  Respectfully Submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
ROBERT S. LEACH
ADAM A. REEVES
WILLIAM FRENTZEN
Assistant United States Attorneys