DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-6753
    William.frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | **CASE NO.** CR 16-00462 CRB |
|---|---|---|
| Plaintiff, | ) | **UNITED STATES' FURTHER STATEMENT RE: BAIL PENDING APPEAL** |
| v. | ) | |
| SUSHOVAN HUSSAIN, | ) | |
| Defendant. | ) | |

A jury found defendant Hussain guilty of 16 felony counts following trial. The Court upheld the jury's verdict. Hussain has noticed an appeal of his conviction in the Ninth Circuit. Under the Bail Reform Act of 1984, a "person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" must "be detained" unless he demonstrates "by clear and convincing evidence that [he] is not likely to flee."

In the post-conviction litigation regarding sentencing, Hussain and his current employer litigated against – and likely spent a small fortune during that litigation – to prevent the Court from learning about Hussain's current net worth, and his access to money, as it related to Invoke Capital. Hussain and his employer have also tried to obscure whether the funds that created Invoke Capital are traceable to the

UNITED STATES' RESPONSE RE: BAIL    1
CR 16-00462 CRB

proceeds of the fraud that Hussain perpetrated on his victims.  The burden is on Hussain, not the government, to show that he is not a flight risk and that the Court can trust his financial representations.  Because the defendant has not shown by clear and convincing evidence that he is not a risk of flight, bond or no bond, he should be detained pending appeal.  Certainly, the Court should not permit Hussain to provide only partial information in an effort to force the Court to order a bond that might actually secure Hussain's appearance.

### A. Hussain has not shown that he is not likely to flee

Hussain cannot meet his burden to show by clear and convincing evidence that he is not likely to flee. 18 U.S.C. § 3143(b)(1)(A).  While Hussain did comply with the district court's release conditions before sentencing, that was when he could hope for a lenient sentence.  Hussain now faces a certain five years' imprisonment and more than $10 million in financial penalties.  Not only does he have an incentive to flee, he has ample means to do so. According to the Presentence Investigation Report, Hussain has nearly $1 million in cash and securities and owns six residential properties throughout Europe worth approximately $12.3 million.  PSR at 20–21.[1]  Hussain also owns at least $57.8 million worth of shares in two British Virgin Islands companies, related to Invoke Capital.  PSR at 21.  Hussain has purported to sell some of these shares for millions of dollars to indicted co-conspirator, Autonomy's CEO Michael Lynch, whose resources are even more substantial than Hussain's.  Moreover, unlike many defendants, Hussain resides abroad, is not a U.S. citizen, and has no family ties to the U.S.  None of his assets are in the U.S.  Furthermore, Hussain is currently being sued for billions of dollars in a civil case in the United Kingdom.  The government therefore does not believe that Hussain has shown by clear and convincing evidence that he is not a risk of flight or that any of his assets can be reached without being posted with the Court in a secure fashion.

//

//

---

[1] Hussain has filed a Motion to Modify the Presentence Investigation Report.  His motion should be denied.  Post-sentencing, there is no point to a modification of a PSR.  The PSR was investigated by the Probation Officer and finalized for sentencing.  Hussain's efforts to simply redline the PSR without presenting any evidence should be rejected by the Court without a more substantial and tested hearing regarding his full assets.

UNITED STATES' RESPONSE RE: BAIL          2
CR 16-00462 CRB

### B.  A $10.1 million bond is insufficient to ensure Hussain's appearance

If Hussain is permitted to post $10.1 million – and the government remains unconvinced that he cannot – that would not reassure his appearance for prison.  While the government understands that the Court views the money owed as a substantial bond, **it is not a substantial bond to ensure Hussain's appearance to serve his sentence**.  The bond required by the Court, $10.1 million, represents the same amount that Hussain will owe upon denial of his appeal.  The Court ordered a $4 million fine and forfeiture of $6.1 million.  Since that amount is already due to the government, Hussain has no extra skin in the game to appear to serve his sentence even if he posted that bond.  In other words, if Hussain were to fail to appear for his sentence, the government would be entitled to the same amount of money as if Hussain did appear to serve his sentence – $10.1 million.  This cannot serve to overcome Hussain's burden because it is no additional surety to secure his appearance.

### C.  Hussain should be detained because he has prevented the Court and government from ascertaining his net worth, access to funds, and validity of his shares in Invoke

If the Court were to continue to permit Hussain to post only $10.1 million to secure his release – again, a resolution that clearly does not put any additional funds at risk for Hussain if he flees – Hussain's own conduct has prevented the Court from having a reliable understanding of the amount and value of Hussain's assets.  Now that the burden is on Hussain to convince the Court that he is not a risk of flight, the Court should require Hussain to provide absolute transparency into his shares and his net worth.  Even then, the government contends that it will be insufficient but certainly not given Hussain's conduct to this point.

- ∎ The ICP Darktrace shares Hussain holds have immense value (estimated by the government at approximately $57 million).  However, Hussain has not offered to provide an estimate to the Court. While private shares are not as easily priced as shares in a public company, methods exist for providing estimates for the value of private holdings.  For example, for the sentencing proceeding, the government located and was prepared to call a representative from KKR who owns shares of Darktrace in a vehicle similar to ICP Darktrace[2] and who

---

[2]  As the government understands it, KKR created a holding entity similar to ICP Darktrace. Shares then are owned in the holding entities that own Darktrace, such as Hussain's ownership of ICP

UNITED STATES' RESPONSE RE: BAIL                3
CR 16-00462 CRB

could provide an estimate of the current value of Darktrace shares. In the face of the government calling that witness, Hussain memorably consented to pay a $4 million fine (the maximum) rather than let the Court hear the witness testify about the potential value of ICP Darktrace shares. The government remains prepared to call such witnesses in connection with the bond hearing[3]. The burden is on Hussain to reassure the Court – if he cannot, he must be detained.

- ■ Hussain and Invoke have challenged and delayed every effort by the government to obtain information regarding Invoke's capitalization and value. If Invoke shares are the source for Hussain's bond, then the Court may and should inquire about the origin and nature of Hussain's assets and seek proof of those representations. The burden is on Hussain or he must be detained.

- ■ Hussain has not shown that Invoke and its shares are not forfeitable. If Hussain and his co-conspirators formed Invoke using the proceeds of the fraud committed by Hussain and his co-conspirators – a likely event – then Invoke and its shares would be forfeitable to the United States. Hussain may currently understand the tenuous nature of his ownership of Invoke and its shares. It would defy logic and common sense for this Court to determine that Hussain is not a risk of flight when Hussain has posted what is already due to the government, **and** allow Hussain to post something that he knows will properly be taken from him once what he posts is revealed as proceeds of fraud. Hussain's counsel will undoubtedly complain that the government is speculating. It is not. And, again, the burden is not on the government, it is on Hussain to reassure the Court.

In short, the Court should not allow Hussain to hide behind notions of international jurisdiction and service of process to keep the Court in the dark about his net worth and assets, and then tell the Court it should trust Hussain's representations regarding those assets. Hussain – according to the jury, a criminal manipulator of financial information – has completely failed to meet his burden. Without a full

---

Darktrace.

[3] Although the burden remains squarely on Hussain, and he should be forced first to call a witness to assert that the shares are illiquid and not salable.

accounting of his net worth and assets and without reassurance that those assets are not already forfeitable to the government the Court should order Hussain detained as a risk of flight.

The government does not consent to any transactions between Hussain and his co-conspirator Lynch who has – to this point – refused to appear in the United States and subject himself to this Court's jurisdiction. The burden is not on the government. The government will not further enable efforts by Hussain, Lynch, and Invoke to evade the Court's full understanding of the formation and value of these assets.

Dated: July 23, 2019                                             Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


_____/s/_____
ROBERT S. LEACH
ADAM A. REEVES
WILLIAM FRENTZEN
Assistant United States Attorneys

UNITED STATES' RESPONSE RE: BAIL          5
CR 16-00462 CRB