DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-6753
    William.frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 16-462 CRB |
|---|---|
| Plaintiff, | ) UNITED STATES' FURTHER STATEMENT RE: BAIL PENDING APPEAL |
| v. | ) |
| SUSHOVAN HUSSAIN, | ) |
| Defendant. | ) |

At the August 2, 2019 hearing, the Court appeared inclined to grant release pending appeal on the existing conditions of release[1] with the following additional conditions: (1) the bail amount be increased to $20 million, and (2) the defendant be required to deposit his original share certificates of ICP Holdings Limited ("ICP Holdings") and ICP Darktrace Holdings Limited ("Darktrace Holdings") with the Clerk of the Court.

---

[1] The existing conditions include a $5 million bond, secured by $250,000 in cash; surrender of all passports and visas; a prohibition on travel outside the Northern District of California; a requirement the defendant stay away from airports, train stations, and bus stations; and electronic or voice track monitoring.

UNITED STATES' RESPONSE RE: BAIL    1
CR 16-462 CRB

While the government supports the Court's proposal for Hussain to pledge all shares of ICP Holdings and Darktrace Holdings as part of his release conditions, the government has two concerns with the proposal: (1) will the government be able to monetize the shares if Hussain flees, and (2) will the mitigating effect of any order be eliminated if Invoke and/or defendant Michael Lynch simply reissues shares or otherwise makes Hussain whole?  The government submits that any release order must serve as a genuine deterrent to Hussain fleeing.

Under the Bail Reform Act, the Court has express authority to require "that the [defendant] . . . execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office[r] may require." 18 U.S.C. § 3142(c)(1)(B)(xi). Hussain bears the burden of prove on this issue and must show by clear and convincing evidence he "is not likely to flee . . . if released under section 3142(b) or (c) . . . ." *Id.* § 3142(b)(1)(A).

Accordingly, the government respectfully submits that Hussain also be required to execute an agreement to forfeit all shares of ICP Holdings and Darktrace Holdings upon failing to appear and provide the Court and the government with the following, which will aid the Court in assessing the value of the property, any encumbrances, and the effectiveness of the proposed conditions:

1. All charter documents of ICP Holdings and Darktrace Holdings, including, without limitation, the Memorandum and Articles of Association and by-laws.
2. All documents relating to any encumbrance on Hussain's shares of ICP Holdings and Darktrace Holdings.
3. All agreements relating to Hussain's shares of ICP Holdings and Darktrace Holdings.
4. Minutes of all meetings of or resolutions by members/shareholders of ICP Holdings and Darktrace Holdings.
5. Minutes of all meetings of or resolutions by the directors of ICP Holdings and Darktrace Holdings.
6. A current balance sheet, income statement, and statement of cash flow for ICP Holdings and Darktrace Holdings.

7. Documents sufficient to show Hussain's shares may be forfeited if he fails to appear as required.  Because the nature of the shares appears to require the consent of the parties involved, Hussain should be required to provide sufficient documentation from Invoke and Lynch that approves of the posting of the shares by Hussain and to any future liquidation and further assignment of the shares by the Court and/or the government.

8. A statement by Hussain and Invoke as to whether any money that formed or funded Invoke originated from the proceeds of the purchase of Autonomy by Hewlett Packard.

The Court should further order that Hussain may not receive additional shares of ICP Holdings, Darktrace Holdings, or any affiliate, while on bail and provide an agreement from Invoke and Lynch that they similarly will not issue any further shares to Hussain while on bail.

DATED:  August 7, 2019                              Respectfully submitted,

                                                        DAVID L. ANDERSON
United States Attorney

_____/s/_____
ROBERT LEACH
ADAM REEVES
WILLIAM FRENTZEN
Assistant United States Attorneys