IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>   Plaintiff,<br>  v.<br>HUSSAIN,<br>   Defendant. | Case No. 16-cr-00462-CRB-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

Sushovan Hussain has moved for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). See generally Mot. (dkt. 624). The Court determines that Mr. Hussain has not satisfied the requirements of that statute or the applicable Sentencing Commission policy statement. See U.S.S.G. § 1B1.13 cmt. n.1. Mr. Hussain's motion for a reduced sentence is therefore denied. The Court determines that there is no need for oral argument.

## I.  BACKGROUND

Mr. Hussain was a resident of the United Kingdom who served as Chief Financial Officer of Autonomy Corporation plc from June 2001 until November 2011. See Superseding Indictment (dkt. 52) at 3–4. In August 2011, Hewlett-Packard Company (HP) agreed to acquire Autonomy for approximately $11 billion. Id. at 2. On November 10, 2016, Mr. Hussain was indicted on various charges stemming from an alleged "fraudulent scheme to deceive purchasers and sellers of Autonomy securities and HP about the true performance of Autonomy's business, its financial condition, and its prospects for growth." Indictment (dkt. 51) at 4. On April 30, 2018, a jury found Mr. Hussain guilty of 16 criminal counts: one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349, fourteen counts of wire fraud under 18 U.S.C. § 1343, and one count of securities fraud

under 18 U.S.C. § 1348.  See Jury Verdict (dkt. 394); Judgment (dkt. 560) at 1.

On May 4, 2019, the Court ordered Mr. Hussain to remain in the Northern District of California and to wear a GPS monitoring device.  See Order Setting Conditions of Release (dkt. 400).  On May 13, 2019, the Court sentenced Mr. Hussain to 60 months' imprisonment, three years of supervised release, a $4 million fine, and $6.1 million in forfeiture.  See Judgment at 2–3, 6–7.  The Bureau of Prisons designated Mr. Hussain to FCI Allenwood Low in White Deer, Pennsylvania.  Id. at 2.  Mr. Hussain appealed his convictions, and the Ninth Circuit granted his request for bail pending appeal.  See Ninth Circuit Order (dkt. 616).  On August 26, 2020, the Ninth Circuit affirmed his convictions and the Court's sentencing judgment.  United States v. Hussain, 927 F.3d 1138 (9th Cir. 2020).

Because the Ninth Circuit granted Mr. Hussain's request for bail pending appeal, see Ninth Circuit Order (dkt. 616), Mr. Hussain's custodial term has not yet begun.  Nonetheless, on September 11, 2020, he requested that the acting warden of FCI Allenwood Low and the Regional Counsel for the Northeast Regional Office of the Bureau of Prisons move for his sentence to be reduced under 18 U.S.C. § 3582(c)(1)(A)(i).  Keker Decl. Exh. B (dkt. 624-3).  The Bureau of Prisons denied Mr. Hussain's request because he is not yet an inmate.  Keker Decl. Exh. C (dkt. 624-4).  Mr. Hussain now moves the Court to reduce his sentence under § 3582(c)(1)(A)(i).  See Mot. at 16.  He requests neither a delayed reporting date nor an elimination of his entire custodial term.  Id. at 3 n.5, 13.  Instead, he seeks "a reduction in the total number of months he must serve."  Id. at 3 n.5.

## II. LEGAL STANDARD

The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., does not generally permit federal courts to "modify a term of imprisonment once it has been imposed."  Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  Congress has provided certain exceptions to that rule.  As relevant here, a court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if certain procedural requirements are met and if "extraordinary and compelling reasons warrant such a

reduction."

After the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, a defendant may move for relief under § 3582(c)(1)(A) if the defendant satisfies the statute's exhaustion requirements. See First Step Act § 603(b)(1). A defendant may bring a § 3582(c)(1)(A) motion only once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

A court may grant a § 3582(c)(1)(A)(i) motion to reduce a defendant's sentence "if it finds that . . . extraordinary and compelling reasons warrant such a reduction."[1] But a court does not have carte blanche to decide that new developments or ideas constitute such reasons, because a sentence reduction under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon, 560 U.S. at 819 (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory after United States v. Booker, 543 U.S. 220 (2005)).

The Sentencing Commission has enumerated circumstances constituting "extraordinary and compelling reasons" to reduce a sentence. See U.S.S.G. § 1B1.13 cmt n.1. All relate to a defendant's individual characteristics or conditions—that is, some combination of the defendant's specific health, age, and family circumstances. See id. For example, if the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or "a serious physical or mental condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," the "extraordinary and compelling reasons"

---

[1] A court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

3

standard is satisfied. See U.S.S.G. § 1B1.13 cmt. n.1(A)(i)(i)–(ii). The standard is also satisfied if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75% of his or her term of imprisonment, whichever is less," U.S.S.G. § 1B1.13 cmt. n.1(B), or in certain circumstances requiring the defendant to care for minor children or a spouse or registered partner, id. § 1B1.13 cmt. n.1(C). Finally, the standard is satisfied if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above-described circumstances. U.S.S.G. § 1B1.13 cmt. n.1(D). No other circumstances qualify.

The Sentencing Commission has also directed that a court may reduce a sentence under § 3582(c)(1)(A) only if the court finds that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g), in turn, requires courts to "take into account" four factors when determining the defendant's dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

### III. DISCUSSION

Mr. Hussain has not satisfied these requirements. Although he has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, Mr. Hussain has not shown that extraordinary and compelling reasons warrant reducing his sentence.

#### A. EXHAUSTION

Mr. Hussain's motion requires the Court to determine whether a defendant who has yet to begin his sentence may nonetheless satisfy § 3582(c)(1)(A)'s exhaustion requirement.

The Court may reduce a sentence under § 3582(c)(1)(A) only

4

>upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). This language requires a defendant to exhaust his administrative rights before moving for relief; it does not expressly require a defendant to exhaust those rights while in custody. See id. Nor does the statute imply that the defendant must be in custody, as Mr. Hussain's actions show. Although not yet incarcerated at FCI Allenwood Low, Mr. Hussain was able to request that both the Bureau of Prisons and the "warden of [his] facility" move for relief on his behalf because his facility was designated when Mr. Hussain was sentenced. See Keker Decl. Exh. B, C. Because the Bureau of Prisons conclusively informed Mr. Hussain that it will not consider his request, see Keker Decl. Exh. C, he has exhausted his administrative rights. The statute requires nothing more.

The Court thus considers, and rejects, Mr. Hussain's motion on the merits.

### B.   "EXTRAORDINARY AND COMPELLING REASONS"

Mr. Hussain has not shown that "extraordinary and compelling reasons" warrant reducing his sentence. 18 U.S.C. § 3582(c)(1)(A). Mr. Hussain argues that, due to the COVID-19 pandemic, (1) imprisonment is more difficult now than when he was sentenced, (2) he has already endured "very real punishment" while unable to see his family or leave the Northern District of California, and (3) high infection rates in federal prisons, along with Mr. Hussain's asthma and high cholesterol, put him at increased risk of severe illness. Mot. at 11–14. The Court addresses each argument in turn.

Mr. Hussain's contention that COVID-19 has made life in prison more difficult does not fit within any "extraordinary and compelling" reason enumerated by the Sentencing Commission. See U.S.S.G. § 1B1.13 cmt. n.1. Indeed, this purported justification bears no resemblance to the circumstances identified in the policy statement, which focus on individualized characteristics and conditions. The same goes for Mr. Hussain's arguments about his time away from home and family; the policy statement

recognizes neither exile nor estrangement from family as an "extraordinary and compelling" reason to reduce a sentence. These arguments amount to a request that the Court resentence Mr. Hussain because his original sentence is, upon reflection, too severe. Simply put, Congress has not authorized the Court to reduce a sentence on that basis.

Mr. Hussain's argument that the Court may go beyond the Sentencing Commission's enumerated circumstances is meritless. He argues that the Court may reduce his sentence if it finds "an extraordinary and compelling reason other than" those the Sentencing Commission has identified. Mot. at 10 (citing U.S.S.G. § 1B1.13 cmt. n.1(D)). But the specific language on which Mr. Hussain relies states only that extraordinary and compelling reasons exist if, "[a]s determined <u>by the Director of the Bureau of Prisons</u>, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other enumerated circumstances. U.S.S.G. § 1B1.13 cmt. n.1(D) (emphasis added). Because the Court is not the Director of the Bureau of Prisons, this catch-all language does not authorize the Court to do anything.[2]

Finally, Mr. Hussain's medical conditions are not extraordinary and compelling reasons to reduce his sentence. He points to difficulties that federal prisons have had preventing COVID-19 outbreaks and argues that his asthma and high cholesterol place him at an increased risk of severe illness or death if he contracts COVID-19 in prison. Mot. 11. These circumstances do not warrant relief for three reasons.

First, Mr. Hussain's conditions are not serious enough. The Probation Office's Presentence Investigation Report noted that Mr. Hussain (1) "suffers from mild asthma, for which he has an inhaler, and for which he takes Salbutamol when he has difficulty breathing," and (2) "has elevated LDL cholesterol," for which he did not take medication. PSR (dkt. 427) ¶ 77. Mr. Hussain's additional medical evidence, at most, establishes that

---

[2] Even if the Court were authorized to reduce sentences based on a finding that a previously imposed sentence is too severe, it would not do so here. Section 3582(c)(1)(A), as interpreted by the Sentencing Commission, is sensibly focused on defendants' individualized circumstances, not circumstances shared by most inmates or members of the general public. And nothing about life in prison, exile from home, or separation from family meaningfully sets Mr. Hussain apart from any other defendant.

he suffers from moderate asthma that he can control by using inhalers. See Medical Exhibits A, B (dkt. 623-2, 623-3). The CDC has not identified high cholesterol as a factor that puts a person at risk of severe illness from COVID-19. See CDC, "People with Certain Medical Conditions," updated Sept. 11, 2020, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Oct. 6, 2020). And although the CDC has indicated that moderate asthma "might" put a person at increased risk, id., Mr. Hussain's medical records do not state or otherwise indicate that Mr. Hussain will have difficulty controlling his asthma while in prison, see Medical Exhibits A, B. Therefore, Mr. Hussain does not have "a serious physical or mental condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

Second, Mr. Hussain's facility has thus far successfully prevented any COVID-19 outbreaks. As of the date of this order, FCI Allenwood Low has zero active COVID-19 cases among inmates and staff. See BOP, "COVID-19 Cases," updated Oct. 6, 2020, available at https://www.bop.gv/coronavirus/index.jsp (last visited Oct. 6, 2020). One inmate and one staff member have fully recovered. Id.

Third, even were the Court to credit Mr. Hussain's purported health risks, the relief he seeks would do nothing to lessen those risks. Mr. Hussain wisely acknowledges that the Court would not fully eliminate his 60-month prison sentence and requests only that the Court trim time off his sentence. But Mr. Hussain has not served a day in prison for his serious offenses. Thus, a sentence reduction, if any, would be minor. Risks arising from COVID-19 will probably be mitigated, if not eliminated, in the next few years. It would make little sense for the Court to reduce Mr. Hussain's sentence on medical grounds that that may not exist when Mr. Hussain is released. And while serious medical conditions could conceivably weigh in favor of a delayed reporting date, Mr. Hussain has declined to seek such relief. Mot. at 13; Reply at 1 n.1.

## IV. CONCLUSION

Because the Court concludes that Mr. Hussain has not shown that "extraordinary and compelling reasons" warrant reducing his sentence, the Court need not consider whether Mr. Hussain is a danger to the community under 18 U.S.C. § 3152(g) or whether the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduced sentence.

For the foregoing reasons, Mr. Hussain's Motion for a Reduced Sentence is denied.

**IT IS SO ORDERED.**

Dated: October 6, 2020

CHARLES R. BREYER
United States District Judge